## NATHAN F. HOPKINS

*v.*

## THE INDIANAPOLIS AND ST. LOUIS RAILROAD CO.

1. EVIDENCE—*opinions of witnesses.* In an action against a railway company to recover for personal injury received by the plaintiff while coupling cars, upon the question whether the plaintiff used due care, or acted imprudently, it is error to admit in evidence the opinions of witnesses engaged in the same business, as no question of science, skill or trade is involved. The facts only should be proved in such a case, and leave the jury to determine whether due care was used, uninfluenced by the opinions of others.

2. PRACTICE IN SUPREME COURT—*not always reverse for error.* Where the whole record is open for inspection, this court will look to see where the right and justice of the case are, and although the court below may have erred in the admission of improper evidence, and in some of its instructions, yet if, by eliminating the improper testimony and instructions based on it, the plaintiff has made no case, a judgment against him will not be reversed.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. DALE & BURNETT, and Mr. LEVERETT BELL, for the appellant.

Mr. B. W. HANNA, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, brought to recover damages of the defendant, for an injury occasioned in coupling cars, on the allegation that defendant had failed to provide the cars with proper links, bumpers, draw-heads and other necessary machinery and fixtures, so that the duty of coupling the cars might be safely performed; and on the further allegation, of permitting cars to be improperly loaded, whereby the danger of coupling was greatly increased. There was a further allegation, that the deficiency in the necessary apparatus

for safe coupling of the cars might have been known to the defendant by the exercise of proper diligence.

There was a plea of not guilty, and trial by jury, who found a verdict for the defendant. A motion for a new trial was denied, and judgment rendered against the plaintiff for the costs, and the plaintiff appeals.

The errors assigned question the instructions of the court given on behalf of the defendant, and the finding of the jury, as being against the evidence, and the admission of certain testimony on the part of the defendant.

The first point is made on this assignment of errors. It is insisted the testimony of Pease and of five others, called as experts, should not have been admitted. These witnesses were permitted, against the objections of plaintiff, to give to the jury their opinion as to the propriety of plaintiff's act in coupling the cars, and permitting them to state what they would have done under like circumstances. It was sought by these witnesses to show that plaintiff's act in coupling the cars was the act of an imprudent and careless man.

We are satisfied the matter about which these witnesses were examined, was not a question proper for the testimony of experts, as it was not one of science, skill or trade, to which the dogmatical statements of experts are allowed to go to the jury, on the presumption their pursuits qualify them to speak authoritatively. Here is no such question. It was one of care, simply, about which the jury would be as competent to give an opinion on the facts disclosed, as the most accomplished expert. The question was, did plaintiff use due care in attempting to couple the cars, and on which the jury should not be influenced by the opinion of others engaged in the same employment, or who may suppose they have the knowledge of the proper manner in which such an act should be done. That there was error in admitting this testimony, we have no doubt, and the instructions based upon this testimony were also erroneous, and should not have been given.

The next point made by appellant is, on the first instruction given on behalf of defendant. He contends it is faulty, as being too broad, inasmuch as it is the doctrine of this court, that a plaintiff may recover if negligent on his part, if that negligence was slight when compared with that of defendant, which must be gross.

It is unnecessary to go into an extended argument upon the instructions, as, by the exceptions and the errors assigned, the whole record is open to the inspection of the court, enabling us to see where the justice of the case is. It is elementary, a plaintiff must prove his case substantially as he has alleged it. We look in vain for any proof of defendant's negligence in any respect. It is not shown there were any defects in the machinery used for the safe coupling of cars, or that the car was improperly loaded, but it is in evidence that the plaintiff, of his own motion, knowing well the condition of the loaded car, and of the danger attending an attempt to couple it to the coal car, chose the most dangerous and inexpedient mode to effect the object, he himself saying "he ought to have had more sense than to have gone in there."

Eliminating from the record the testimony adjudged to have been improperly admitted, and the instructions based on it, an examination of what remains of the record satisfies us the plaintiff wholly failed in making out a case against the defendant. Neither of the counts is supported by any evidence, and, in such a case, the doctrine of contributive negligence can have no place. There is nothing of that element to be considered.

The plaintiff, by his own carelessness and stupidity, brought the misfortune upon himself, and he alone must bear the consequences. He has made out no case, and, notwithstanding the error of the court, the judgment must be affirmed.

*Judgment affirmed.*