## Robert L. Lyons et al.
### v.
## Emma J Lawrence.

12  531
77  403

1. Evidence of attempt to destroy or fabricate evidence admissible.—All efforts by either party to a suit or his authorized agent to destroy, fabricate, or suppress evidence may be shown, such acts being in the nature of an admission that the party has no sufficient case unless aided. by suppressing evidence or by the fabrication of more evidence.

2. Offering refreshments to jury in court by party to suit. —For any, even the least intermeddling with jurors, a verdict will always be set aside. Where appellee produced in court and offered to the jury refreshments. *Held*, that this alone would justify a court in setting aside the verdict.

Appeal from the Circuit Court of Cook county; the Hon. Thomas A. Moran, Judge, presiding.    Opinion filed January 30, 1883.

This is an appeal from the judgment of the circuit court in two cases, which, by stipulation of the parties, were consolidated and tried together as a single suit, one being an action of replevin originally commenced before a justice of the peace and taken by appeal to the circuit court; the other, a citation proceeding instituted by appellants in the probate court, and also appealed to the circuit court. The cases involved the ownership of certain articles of personal property, consisting of office furniture, books, etc., formerly belonging to one E. S. Smith, of whose estate appellants were appointed administrator and administratrix, and as such claimed the property. Appellee claimed title under an alleged bill of sale from Smith and herself to one Woodruff, and a subsequent purchase by her from the latter.

It appears that after the death of Smith and appellee's purchase from Woodruff, she brought her bill in chancery against appellants, praying for the sale of the property under an alleged pledge of the same to her by Smith in his lifetime, and that upon a final hearing upon the merits, the bill was dis-

missed for want of equity. The dismissal of this bill was set up and relied upon by appellants in the court below as a bar to this suit.

It further appears that appellants offered evidence tending to show that appellee had attempted to bribe certain witnesses to testify in her behalf, but the court rejected the evidence, which ruling was duly excepted to.

It also appears that during the closing argument of plaintiff's counsel to the jury, she procured and offered to the jury refreshments in the presence of the court.

The jury found the title to the property in both suits to be in appellee, and that she was entitled to the possession of the same. The court overruled the defendant's motion for a new trial and rendered judgment for appellee. Appellants bring the case here for review, and assign errors covering the various points arising upon the record.

Mr. PLINY N. HASKELL, for appellants; that the bill in chancery to foreclose the pledge, is an estoppel to the present suit, cited Ruegger v. I. & St. L. R. R. Co. 103 Ill. 449.

As to *res adjudicata:* Hamilton v. Quimby, 46 Ill. 90; Rogers v. Higgins, 57 Ill. 244; Kelly v. Donlin, 70 Ill. 378; Garrick v. Chamberlain, 97 Ill. 620; Ind. & St. L. R. R. Co. v. Vance, 6 Otto, 450; Briscoe v. Lloyd, 64 Ill. 33.

It was error to refuse to admit evidence of an attempt of appellee to suborn witnesses: Morgan v. Frees, 15 Bar. 352; C. C. R'y Co. v. McMahon, 103 Ill. 485; 2 Phillips on Evidence, 899, 961.

It is good ground for reversal that appellee endeavored to improperly influence the jury by offering them a lunch in court: Commonweath v. Roby, 12 Pick. 519; Knight v. Freeport, 13 Mass. 218; Ryan v. Harrow, 27 Ia. 500.

A judgment for costs should never be rendered against an administrator or executor personally when he sues in his representative capacity: Church v. Jewett, 1 Scam. 50; Bailey v. Campbell, 1 Scam. 110; Hunter v. Bilyeu, 39 Ill. 367.

Where objection to introduction of evidence was not made in court below, it is too late to raise it here: Sargeant v. Kel-

logg, 5 Gilm. 213; K. & Ill. River R. R. Co. v. Chester, 62 Ill. 235; Allen v. Nichols, 68 Ill. 250.

Mr. W. B. Scates, for appellee; that such matters only as have been examined and passed upon become *res adjudicata*, cited Gray v. Gillilan, 15 Ill. 453; Lloyd v. Lee, 45 Ill. 277; Packet Co. v. Sickles, 5 Wallace, 592; Holcomb v. Phelps, 16 Conn. 131; Johnson v. White, 13 S. & M. 527; Dumford's Succession, 1 La. Ann. 93; Wells on Res Adjudicata and Stare Decisis, §§ 3, 5, 13, 14.

Wilson, J.   We are of opinion that the court erred in rejecting the evidence offered to show that appellee had attempted to suborn witnesses.   The evidence was admissible, not as part of the *res gestæ*, but as containing an implied admission, that without the manufacture of evidence she had no sufficient case, and for such purpose it was competent.

The case of the Chicago City Railway v. McMahon, 103 Ill., covers the point squarely, where it is laid down as a well-settled rule that all efforts by either party to a suit, or his authorized agent to destroy, fabricate, or suppress evidence may be shown, such acts being in the nature of an admission that the party has no sufficient case unless aided by suppressing evidence, or by the fabrication of more evidence.

The conduct of appellee in producing in court, and offering to the jury refreshments was improper and reprehensible, and would alone have justified the court in setting aside the verdict.   Too much care and precaution can not be used in guarding the jury against improper influence, and preserving the purity of jury trials.   Great strictness in this regard is needful in order to give due confidence to parties in the results of their causes, and, as was said in Knight v. Freeport, 13 Mass. 218, "Every one ought to know that for any, even the least intermeddling with jurors, a verdict will always be set aside."

The judgment of the court below must be reversed, and the cause remanded.

                    Reversed and remanded.