THE CHICAGO AND ALTON RAILROAD COMPANY

*v.*

JOHN M. DILLON.

*Filed at Mt. Vernon January 20, 1888.*

1. NEGLIGENCE—*railway trains approaching highway crossings—duty as to giving signals.* Independently of the statute on the subject, it is the duty of those having charge of a train of cars to give notice of their approach at all points of known or reasonably apprehended danger. This is almost always done by the ringing of a bell or sounding a whistle, and frequently by both. In exceptional cases, when the highest degree of care is deemed advisable, flagging is resorted to. These duties are enjoined by the common law, independent of any statute.

2. SAME—*of the rule when the crossing is not a public highway.* An action against a railway company for an injury by a passing train at an intersection of an avenue used by the public, on the ground of a failure to give the usual warning by bell or whistle, is not a statutory action, although there may be references in the declaration to the statutory duty, and the company can not escape liability for the injury on the ground that the avenue is not a public highway, in the sense of that term as used in the statute, requiring such warning before crossing public highways.

3. SAME—*of the higher degree of care required at dangerous place.* Where an approaching engine is concealed from the view of persons with vehicles approaching a highway crossing at a place of much travel, the duty of the railway company to operate its train at a moderate rate of speed, and to give the usual signals of its approach by the ringing of a bell or sounding a whistle, or both, is more imperative than at a place of less danger.

4. SAME—*evidence to show signals were not given by a train approaching a highway crossing.* On the trial of an action against a railway company to recover damages for a personal injury by a collision at a highway crossing, the court allowed several witnesses to testify that they were near the crossing at the time of the accident, and did not hear any bell or whistle, and that, in their opinion, if the bell had been rung or the whistle sounded they would have heard it: *Held,* that the evidence was properly admitted.

5. SAME—*instruction—of its form—as to liability for negligence.* In an action against a railway company, to recover for an injury received at a highway crossing by a passing train, an instruction was given for the plaintiff, the greater part of which was a mere statement of what the statute requires of such companies when crossing public highways. The other part simply told the jury, that if they found, from the evidence, that the place of the accident was at a public highway crossing, then it was the duty of the defendant to ring the bell or sound the whistle, as required by the statute: *Held,* that there was nothing objectionable either in the form or substance of the instruction.

6. SAME—*instruction construed—as not being confined to the negligence charged.* In an action founded on certain acts of negligence, the court instructed the jury, that it was the duty of the defendant to use reasonable care and diligence to prevent injury to the plaintiff; and if they believed, from the evidence, that the defendant failed to perform such duty, by reason whereof the plaintiff, while exercising reasonable care on his part, received the injury complained of, then the defendant was liable: *Held,* that the instruction was not obnoxious to the objection that it authorized the jury to find the defendant guilty upon proof of any actionable negligence causing the injury, whether charged in the declaration or not.

7. RAILROADS—*statutory penalty for not giving warning before crossing a highway.* In a statutory action against a railway company, to recover the penalty for a failure to ring a bell or sound a whistle before reaching a public highway crossing, the question whether the avenue crossed is such a highway, might become a material one to a right of recovery.

8. PLEADING—*of the declaration—in action at common law, and under a statute.* In suing at common law, in any case where the provisions of a public statute are applicable, as a general rule it is not necessary to set them forth or refer to them, as the court will take judicial notice of them. There is an exception to this rule in cases where the remedy given by the statute is cumulative, and differs from that given by the common law. In

such case, if the relief given by the statute is sought, the pleader must manifest that purpose or intent by apt words of reference to the statute.

9. SAME—*unnecessary or improper reference to a statute—surplusage.* Where an action lies at common law, and the declaration concludes against the statute, and the statute has been misrecited or incorrectly referred to, or there is no statute in fact in relation to the subject, those words of reference to the statute will be rejected as surplusage, and the action may be maintained as at common law.

10. So in an action predicated upon the neglect of duty or negligence actionable at common law, reference in the declaration to the statute as imposing the duty, being entirely superfluous and uncalled for, may be treated as surplusage.

11. JUDICIAL NOTICE — *of public statute.* The act requiring railway companies to ring a bell or sound a whistle before passing over a highway with a train, is a public statute, of which the courts will take judicial notice. The rule is different in respect to a private statute.

12. PRACTICE—*improper remarks of counsel in argument to the jury.* Complaint was made that the court erred in permitting plaintiff's counsel, in an action against a railway company, in his opening statement and closing argument to refer to the number of trials there had been in the case and how they had resulted, and to state that the judgment on the first hearing in the Appellate Court had been reversed upon a mere technicality: *Held,* that if the matter complained of was improper, it was not of so serious a character as to justify a reversal of the judgment in favor of the plaintiff.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.

Mr. LUKE H. HITE, and Messrs. BROWN & KIRBY, for the appellant:

The court erred in admitting incompetent evidence for appellee. The conclusions and opinions of the witnesses were improper. *Hopkins* v. *Railroad Co.* 78 Ill. 32; *Railroad Co.* v. *Moranda,* 108 id. 576; *Pennsylvania Co.* v. *Conlan,* 101 id. 93.

The first of appellee's instructions is singularly confusing. The first part, as an abstract proposition, might be unobjectionable, but when taken altogether it was well calculated to mislead, and took from the jury the question whether the avenue was a public highway. It improperly submitted to the jury,

the question whether the avenue was a public highway, without defining what constitutes a highway. *Forbes* v. *Balenseifer*, 74 Ill. 187.

The evidence showed that the avenue was a private way, belonging to the Stock Yards Company. We do not contend that railroads may run their trains at such places without regard to public safety, but under the declaration, the plaintiff having counted upon the statutory duty to give the signal before crossing a public highway, there could be no recovery upon any supposed common law duties.

Appellee's second instruction was erroneous, because it did not limit the right of recovery to the cause of action stated in the declaration.

There is but one good cause of action stated in the declaration, and that is the averment that the defendant omitted to ring a bell or sound a whistle at a public crossing. The other averment, as to the speed at which they were running, is wholly to be disregarded, because there are no other facts averred by which it can be seen that mere speed constituted negligence.

As to the care required of the plaintiff to entitle him to recover, see *Railway Co.* v. *Dimick*, 96 Ill. 42; *Railroad Co.* v. *Houston*, 95 U. S. 697; *Scholfield* v. *Railroad Co.* 114 id. 615; *Brown* v. *Railway Co.* 22 Minn. 165.

On approaching a railroad a traveler must use his eyes and ears, and must avoid danger if he can, notwithstanding the negligence of the company. *Hinze* v. *Railroad Co.* 71 Mo. 636; *Purl* v. *Railroad Co.* 72 id. 168; *Pennsylvania Co.* v. *Rudel*, 100 Ill. 603; *Railroad Co.* v. *Hatch*, 79 id. 137.

Neglect to sound a whistle or ring a bell is not such neglect as, of itself, will authorize a recovery, but it must be shown by the evidence that the injury was the result of such negligence. *Railroad Co.* v. *Blackman*, 63 Ill. 117; *Railroad Co.* v. *Van-Patten*, 64 id. 510; *Railroad Co.* v. *Benton*, 69 id. 174; *Railroad Co.* v. *Notzki*, 66 id. 455.

Mr. W. H. BENNETT, and Messrs. DILL & SCHAEFER, for the appellee:

It is urged that the court admitted improper evidence for appellee, in this: that witnesses were permitted to testify that if a bell had been rung they would have heard it. In *Peoria, Pekin and Jacksonville Railroad Co.* v. *Siltman,* 88 Ill. 531, the court expressly approves this kind of testimony, and says: "Every one of these several witnesses is positive he could have heard it, had the bell been rung or the whistle sounded, * * * and their testimony seems to be equivalent to positive evidence as to the facts about which they testify."

There was no error in allowing counsel to refer to the former verdicts, and give the jury a history of the case. As the jury gave less damages than in the preceding trials, it is evident they were not influenced by such statements.

We see no force in any of the objections to the instructions. The first does not assume that appellee was injured at a highway crossing. The strength of our case lies in the fact that the train was being run at a greater rate of speed than was safe, and it makes no difference whether the injury occurred at a public crossing or not.

The question of negligence and comparative negligence is one of fact for the jury, and the finding will not be disturbed except in a clear case. *Haworth's case,* 39 Ill. 346; *Hillmer's case,* 72 id. 239; *Gillis' case,* 68 id. 317; *Hetherington's case,* 83 id. 512; *Schmidt's case,* id. 410; *O'Connor's case,* 77 id. 394; *Lee's case,* 87 id. 457.

It does not seem important to us, in the technical sense, whether it was a highway or not. It was a crossing, and a very public crossing, and under the unquestioned facts in the record it was gross negligence for an engine to approach it without giving the warnings usually given at crossings. This would be true whether required by statute or not. Ordinary prudence required it. The situation rendered it necessary. *Stables' case,* 62 Ill. 317.

Mr. Justice Mulkey delivered the opinion of the Court:

On the 20th of November, 1882, John M. Dillon, the appellee, in attempting to cross the railway tracks of the National Stock Yards, in or near East St. Louis, at their intersection with Avenue F, received a serious, permanent injury, caused by the vehicle in which he was riding being struck by a passing locomotive engine, owned and operated by the Chicago and Alton Railroad Company. The horse he was driving was killed outright, the wagon shattered to pieces, and Dillon himself was thrown a considerable distance, with such force as to cause a serious rupture, partially disabling him for life, and totally disabling him for several months. In 1883 he commenced an action *on the case,* in the circuit court of St. Clair county, against the Chicago and Alton Railroad Company, the appellant herein, to recover damages for the injuries thus received by him, which were laid in the declaration at $25,000. The record before us does not appear to contain a transcript of all the proceedings which have occurred in the case from its inception, yet we are able to gather from it, that the cause has been tried three times, each trial resulting in a verdict for the plaintiff. In one of them the jury assessed the plaintiff's damages at $875, in another at $4000, and in the last at $3500. The case has been heard twice in the Appellate Court. On the first hearing, the judgment of the court below was reversed, and the cause remanded for further proceedings. On the last hearing, that court affirmed the judgment of the trial court, and the present appeal is from the judgment of affirmance.

The avenue upon which the plaintiff was driving, runs in a north-westerly and south-easterly direction, and the railway tracks by which it is intersected at the place of collision run nearly east and west. On the westerly side of the avenue, and immediately south of the tracks, is a large hog house, having many compartments, the east end of which is bounded by the avenue. This structure is from sixty to one hundred

feet in width, and extends westerly, upon the line of the tracks, its full length, about the eighth of a mile. It was so high and closely built that no one in the avenue south of the crossing could see a train or engine coming from the west. The engine which occasioned the injury was coming from that direction, and the plaintiff was approaching the crossing from the southeast, but as his view of it was entirely cut off by the hog house on his left, he consequently could not judge of the safety in crossing, except by means of hearing. The large amount of business done at the stock yards, as is shown by the evidence, necessarily led to a great deal of travel, back and forth, over the crossing by those, like the plaintiff, doing business there. In view of the circumstances stated, the duty of the defendant to operate its train at a moderate rate of speed, and to give the usual signals of its approach by ringing the bell or sounding the whistle, or both, became the more imperative. Of this there there can be no question. The negligence imputed to the defendant in the declaration, and on account of which a recovery was had below, is the alleged failure of the defendant to do either of these things. It is averred in the declaration that the defendant neither rang the bell nor blew the whistle; also, that the train was being run at a high rate of speed. This is denied by the defendant's plea, and the cause was tried on these issues.

If the statements of the witnesses on the part of the plaintiff be accepted as true, all three of these averments in the declaration were sufficiently proved on the trial. If, on the other hand, the defendant's witnesses are to be believed, the defendant was guilty of no negligence whatever, but the injury complained of was the result of plaintiff's own imprudence and negligence. Of course, these questions are not before us, they having been definitely and finally settled by the Appellate Court, adversely to the appellant. It only remains to consider whether any errors of law have intervened, of sufficient gravity to require a reversal of the judgment.

Several of appellee's witnesses were permitted to state, on the trial, against the objections of the defendant, that they were near the crossing at the time of the accident, but did not hear any bell or whistle, and that, in their opinion, if the bell had been rung or the whistle sounded they would have heard it, and this is assigned for error. We perceive no valid objection to the ruling of the court upon this subject. Questions of this character are constantly permitted by the most enlightened trial judges, and we are aware of no authority questioning the propriety of allowing them.

The cases of *Hopkins* v. *Indianapolis and St. Louis Railroad Co.* 78 Ill. 32, *Pennsylvania Co.* v. *Conlan,* 101 id. 93, and *Chicago and Northwestern Railway Co.* v. *Moranda,* 108 id. 576, cited by appellant's counsel as sustaining the contrary view, do not, so far as we are able to discover, even look in that direction. Such questions are permitted as matter of convenience, and to avoid prolixity in the examination. When a witness says he was near enough, and would, in his opinion, have heard or seen a given signal had it been given, he, in effect, says there was nothing to prevent his seeing or hearing it, as the case might be. The permitting of these questions to be asked, obviated the necessity of asking a great many others, to prevent certain unfavorable inferences that might be urged if not asked,—such as, whether their hearing was good, and if not, to what extent injured; if good, whether their attention was attracted to anything else at the time; whether there was any noise or confusion which might have caused them not to observe or note the fact that the signal was given, etc. All implications suggested by these and other questions of like character that might be mentioned, were negatived by the simple statement, that, in the opinions of the witnesses, if the signal had been given they would have heard it. Moreover, the competency of testimony of this kind is distinctly recognized by this court in *Peoria, Pekin and Jacksonville Railroad Co.* v. *Siltman,* 88 Ill. 531.

37—123 Ill.

It is next complained, that the court erred in permitting counsel for plaintiff, in his opening statement and concluding argument to the jury, to refer to the number of trials there had been in the case, and how they had resulted, and also to state that the judgment on the first hearing in the Appellate Court had been reversed upon a mere technicality. What is here complained of we do not think, even conceding it to be improper,—about which we express no opinion,—is of so serious a character as to justify a reversal of the judgment. Trial courts are given a large discretion in matters of this kind, with which courts of review are loth to interfere, unless it becomes necessary to prevent a failure of justice. Such is not the case here.

The court gave to the jury three instructions on behalf of the plaintiff, all of which were excepted to by the defendant. The objection to the first is, that it "is singularly confusing." The greater portion of it is a mere statement of what the statute requires of railroad companies when crossing public highways, and the remaining portion simply tells the jury that if they find, from the evidence, that the place of the accident was at a public highway crossing, then it was the duty of the defendant to ring the bell or sound the whistle, as required by the statute. In other words, the court told the jury what the statute enjoined, and then instructed them that it was the duty of the defendant to obey it, if shown by the evidence to be within its provisions. We perceive nothing in this that the most hypercritical could object to.

Plaintiff's second instruction is also complained of. It tells the jury, "that it was the duty of the defendant to use reasonable care and diligence to prevent injury to the plaintiff, and if the jury believe, from the evidence, that the defendant failed to perform such duty, by reason whereof the plaintiff, while exercising reasonable care on his part, received the injury complained of, then the defendant is liable." The substance of the objection to this instruction, as we understand it, is

that it authorized the jury to find the defendant guilty upon proof of any actionable negligence causing the injury, whether charged in the declaration or not. We regard this as a strained, hypercritical view of the subject. Instructions should always be construed in the light of the issues being tried and the proofs offered in support of them. When thus construed, we find no objection to the instruction in question.

It is finally urged, with great persistence, that the avenue in question is not, within the meaning of our statute, a public highway, and that, as the action is based exclusively on the statute, the failure to ring a bell or sound the whistle was violative of no duty which it imposes, and hence no cause of action is shown. We do not concur in this view. It is to be observed, in the first place, this is not a statutory action to recover the penalty which the statute prescribes for a failure to give such a signal. If it were, quite a different question would be presented. The present is a common law action, brought for the failure to perform a duty imposed by law. Under the facts disclosed by the record, we do not think it essential to the maintenance of the action that this duty should necessarily arise under the statute, notwithstanding the pleader may possibly have so regarded it in framing the declaration. Without regard to the statute, it is the duty of those having charge of trains to give notice of their approach at all points of known or reasonably apprehended danger. This is almost universally done by the ringing of a bell or sounding of the whistle, and frequently both. In exceptional cases, where the highest degree of care is deemed advisable, flagging is resorted to. That these duties are enjoined by the common law is not disputed, but the claim is, as already seen, that the action is brought upon the statute, and the plaintiff, therefore, can not avail himself of his common law rights, although the averments in the declaration are otherwise broad enough for such purpose. This, as we view it, is an entire misapprehension of the whole matter. As before indicated, the action is not

brought on the statute, nor does it purport to be. While there are certain expressions in that part of the declaration which attempts to define the duty of the defendant, justifying the inference that the pleader had the statute in his mind, yet there is really nothing in it that can properly be called even a reference to the statute. Even the expressions referred to as showing the drift of the pleader's thoughts, are entirely superfluous and uncalled for, and may therefore be treated as surplusage. As mere matter of composition tending to perspicuity, such averments are admissible, and even commendable, if not misleading. The act in question is a public statute, of which the courts will take judicial notice.

In suing at common law, in any case where the provisions of a public statute are applicable, it is, as a general rule, no more necessary to set them forth in the declaration than it is to plead a provision of the common law having a like application to the case, and all concede that is never necessary. (1 Chitty's Pl. 215.) The only exception to this general rule, now remembered, is where the remedy given by the statute is cumulative, and differs from that given by the common law. In that case, if the relief given by the statute is sought, the pleader must manifest that purpose or intent by apt words of reference to the statute. Here the relief given by the common law is alone sought, hence the exception to the general rule just adverted to has no application. Of course, a different rule prevails in the case of private statutes. Even if the declaration in this case contained a direct reference to the statute, and it was evident that the pleader expected to rely exclusively upon it, still it would not, in our opinion, present an insuperable obstacle to a recovery on common law grounds, if the allegations otherwise were sufficiently broad, and the evidence warranted it. In a note to Oliver on Precedents, page 528, where this subject is under discussion, we find the following: "So, also, where the action is sustainable at common law, and the declaration concludes, 'against the statute or statutes,' etc.,

and the statutes have been misrecited or incorrectly referred to, or there is no statute, in fact, in relation to the subject, those words in the declaration shall be rejected as surplusage, and the action shall be maintained at common law.    See Salk. 212; Comyn's Digest, 'Action upon Statute, C.'"    The general principle here announced fully answers the contention of appellant.

The judgment will be affirmed.

*Judgment affirmed.*