# MOBILE AND OHIO RAILROAD COMPANY
## v.
# WILLIAM DAVIS.

*Railroads—Personal Injuries—Collision at Highway Crossing—Statutory Signals—Contributory Negligence—Tampering with Juror by Attorney of Record—Evidence.*

1. In an action to recover damages from a railroad company for an injury received at a highway crossing through the alleged failure to give the statutory signal, the evidence being conflicting and the proof insufficient to establish contributory negligence on plaintiff's part, or intentional wrong on the part of his attorney in approaching, before the termination of the suit, a juror therein, this court declines to interfere with verdict for plaintiff.

2. The statute touching signals applies to streets in incorporated towns.

[Opinion filed March 1, 1889.]

Appeal from the Circuit Court of Monroe County; the Hon. George W. Wall, Judge, presiding.

Messrs. John M. Lansden & Angus Leek, for appellant.

Mr. William Winkelmann, for appellee.

Reeves, J. Four propositions are submitted for our consideration as the grounds of the several errors, for which a reversal of the judgment of the Circuit Court is asked.

The first proposition is, that the section of the statute requiring every railroad corporation operating a railroad in this State to cause a bell to be rung or whistle sounded at a distance of, at least, eighty rods from the place where the railroad crosses or intersects any public highway, does not, apply to a street within the limits of an incorporated town or village.

Cases cited from Maine and Mississippi would seem fairly to support this view. On the other hand, numerous cases are found, in which it is held that a public street in a town is a public highway. State v. Mathis, 21 Ind. 278, and cases there cited.

"A common street and public highway are the same, and any way which is common to all the people, may be called a highway." State v. Wilkinson, 2 Vt. 487.

The case of C. & A. R. R. Co. v. Dillon, 123 Ill. 570, does not touch this question, as the avenue at which the injury was sustained, was claimed to have been shown by the evidence to have been a private way of the Stock Yards Company, and not a public street. Furthermore, it should be observed that the abstract does not disclose any evidence that the town of Columbia is an incorporated town or village.

The second proposition is that the clear weight of the evidence establishes the fact that the bell was rung and whistle sounded as the statute required. It is urged that the testimony of appellant's witnesses to the fact that the bell was rung and whistle sounded, was positive, and that of appellee's witnesses was negative, and therefore appellant's testimony

was stronger. It is true that some of appellee's witnesses simply say that they did not hear the ringing of the bell or the sounding of the whistle, but others of appellee's witnesses do swear positively that they were looking at the train, were particularly noticing it, and at the time noted the fact that the bell was not rung and the whistle was not sounded. This was positive testimony, though to a fact negative in its character. There was a sharp conflict in the testimony on this point. It was the province of the jury to decide as between the conflicting testimony. It would not be expected that this court would disturb the finding of the jury simply for the reason that if we were sitting as the triers of the question of fact, we would have found the weight of the evidence differently from the jury.

Was there positive testimony of witnesses not impeached, except by the contradicting testimony of other witnesses in the case, supporting the finding of the jury, so that it can fairly be said that the jury were not moved to the finding they made by passion or prejudice? If so, the finding should not be disturbed, because to do so, would invade the province of the jury.

The third proposition is, that the plaintiff below was guilty of such contributory negligence as would preclude him from a recovery. We have carefully examined the testimony on this point, and, without going over it in detail, we are satisfied that appellee was not guilty of such contributory negligence as would defeat his right of recovery.

The fourth proposition is that the attorney of appellee was guilty of such improper familiarity with one of the jurors during the trial, that the verdict for that reason should have been set aside and a new trial granted by the Circuit Court. Briefly stated, the facts shown in support of this proposition are, that, at the conclusion of the evidence in the case, the court adjourned for the day, and that after the adjournment appellee's attorney and Thomas Allen, one of the jurors in the cause, were seen standing at the counter of a saloon, near the court house, knocking their glasses together and drinking beer. In one of the affidavits filed in relation to this matter,

it was further stated that the attorney and juror were talking confidentially together.   In no one of the affidavits is it claimed that the person making the affidavit heard anything that was said between the attorney and juror.

The attorney and juror filed their affidavits in which they admit drinking beer together in the saloon upon the invitation of the sheriff, who was present, and after the beer was drunk they had some conversation about another matter, but nothing was said about the case on trial.

We most heartily concur in what was said by the court in the case of Lyons v. Lawrence, 12 Ill. App. 531, and in the case of Martin v. Moreclock, 32 Ill. 485.   The least intermeddling with jurors during the trial of a cause ought to be punished by setting aside a verdict obtained by such intermeddler.   Under the facts disclosed by the affidavits produced by appellant, we should be compelled to hold the conduct of the attorney with the juror gravely reprehensible, but the explanation afforded by the affidavits of the attorney, juror and sheriff fairly removes any intentional wrong or impropriety in the matter and relieves us from the necessity of holding what we would have felt it our duty to hold but for these explanatory affidavits, namely, that the verdict should have been set aside.

We do not, therefore, find any of the grounds upon which a reversal of the judgment of the Circuit Court is sought, well taken, and the judgment is affirmed.

*Judgment affirmed.*