## Illinois Central R. R. Co. v. John Scheffner.

1. PRACTICE—*One Good Count in a Declaration is Sufficient.*—Where there is one good count in a declaration, a motion in arrest of judgment is properly overruled, whether the other counts are good or not.

2. RAILROADS—*Common Law Duty to Give Warning When Approaching a Crossing.*—It is the common law duty of a railroad company in approaching crossings of known or apparent danger, to give reasonable warning of danger to those using the public highway.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Stephenson County; the Hon. JAMES S. BAUME, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903.

J. H. STEARNS, attorney for appellant; WILLIAM BARGE, of counsel.

BURCHARD & BURRELL, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit for damages brought by appellee against the Illinois Central Railroad Company for injuries alleged to have been received by him at a highway crossing in Stephenson county.

At the place, where the accident occurred appellant had a single track railroad. October 5, 1900, at about 2 o'clock P. M., appellee approached the crossing with a horse and buggy. His horse was within a few feet of the track when what was known as "Motor Car No. 1," belonging to appellant, passed along the track, causing the horse to turn sharply to the right and upset the buggy. Appellee was thrown out of the buggy and thereby received the injuries complained of. This motor car was a small flat car, something like a hand car in appearance, eight feet four inches long, furnished with three seats and equipped with a gasoline engine as motive power. The car also bore five standards from which colored flags were flying, and the operation of the engine caused sharp explosions, sounding like pistol shots. At the time of the accident the car was occupied by four local officials of the road, who were out upon a trip of inspection. Commencing at a point 450 feet west of the crossing, the railroad runs toward the east through a cut, the greatest depth of which, sixteen feet, occurs some 300 feet west of the crossing. At the crossing the depth of the cut is nine or ten feet. The highway approach on the south commences 200 feet from the crossing, and slopes gradually north, in which direction appellee was going at the time of the accident, to the railroad track. The view of the track from the direction in which the motor was coming was obstructed to one coming from the south, by the embankment, so that the motor could not have been seen until it was very nearly upon the crossing.

Upon the trial there was a verdict in favor of appellee for $2,000. Appellant, its motion for a new trial having been overruled, moved in arrest of judgment, for the reason that the declaration did not state a cause of action. The

court, however, overruled the motion and gave judgment upon the verdict.

The first count of the declaration charged that appellant, by its officers, servants and employes, so carelessly, improperly and swiftly and without due warning, managed and drove its car or so-called gasoline motor, over its railroad, across said public highway, that appellee's horse became frightened and unmanageable. This was a good count and there being one good count in the declaration, the motion in arrest of judgment was properly overruled, whether the other four counts were good or not. B. & O. S. W. Ry. Co. v. Alsop, 176 Ill. 471. The proof was that the motor approached the crossing without giving any warning. While a gasoline motor, such as the one in question, may not be termed a locomotive engine so as to fall within the provisions of the statute requiring a whistle to be sounded or bell rung eighty rods before reaching the crossing and such signals continued until the crossing is reached, yet it is the common law duty of a railroad company in approaching crossings of known or apparent danger, like that of the one in question, to give reasonable warning of danger to those using the public highway. C., & A. R. R. Co. v. Dillon, 123 Ill. 570.

"A railroad company in the running of its trains is required to use ordinary care and prudence to guard against injury to the person or property of those who may be traveling upon the public highways and are required to cross its tracks, whether required by the statute or not." C. B. & Q. R. R. Co. v. Perkins, 125 Ill. 127.

We are therefore of opinion that the declaration and the proof both showed a meritorious cause of action to exist in favor of appellee. No complaint is made of instructions given on behalf of appellee and we find no error in the action of the court in passing upon those offered by appellant.

Appellee was severely injured and we do not consider the damages awarded him excessive. The judgment of the court below will be affirmed.