## Michael D. Coyne, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

### Gen. No. 6,422.

1. APPEAL AND ERROR, § 987*—*what bill of exceptions must contain for purpose of review.* Where a motion for a continuance and showing in support thereof were not contained in the bill of exceptions, *held* that a question of error in refusing motion is not presented.

2. PLEADING, § 453*—*when defects in declaration are waived.* Where a declaration, in an action against a railroad company to recover damages for injury to an automobile, was defective in one count in alleging only that the driver exercised due care when crossing the railroad of defendant and did not allege due care in approaching the railroad as well, and in another count in alleging only that he exercised due care in approaching the railroad and did not allege due care in crossing, *held* that defendant by pleading over after his demurrer to the declaration was overruled waived these defects and they were cured by verdict and could not be reached thereafter by motion in arrest of judgment.

3. DAMAGES, § 190*—*when evidence is insufficient to sustain verdict for injury to automobile.* In an action to recover damages for injury to an automobile, where a verdict was rendered for the amount of a bill for repairs shown to have been made on the automobile and to have been necessary immediately after the acci-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

dent, but there was no proof that the repairs charged in the bill were all made necessary by the collision, *held* that the cause must be submitted to another jury.

4. RAILROADS, § 619*—*what is duty to give warning on approaching crossing with autospeeder.* Where a defendant railroad was propelling an autospeeder on its tracks over a dangerous crossing, *held* that there was no statutory duty to give the statutory signals in approaching such crossing, but there was a common-law duty to exercise due care and to give reasonable warning.

Appeal from the Circuit Court of Grundy county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded. Opinion filed August 7, 1917.

W. R. HUNTER and CORNELIUS REARDON, for appellant.

F. H. HAYES, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

An automobile, owned by plaintiff and driven by his adult son, Frank Coyne, came into collision with a car carrying men and tools like a hand car, but run by a gasoline engine and called an autospeeder, at the crossing of a highway and the railway of defendant, called by the witnesses Bennett's Crossing. Plaintiff brought this suit against defendant to recover damages for the injury done to the automobile, and, upon a trial, he had a verdict and a judgment for $276.76, from which the railway company appeals.

It is argued that the court erred in refusing a motion by defendant for a continuance just before the trial began. The motion and the showing in support thereof are not contained in the bill of exceptions, and that question is therefore not presented for our consideration.

The declaration contained an original and three additional counts, which will be treated as counts

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

1, 2, 3, and 4. It is contended that none of them stated a cause of action and that therefore a motion in arrest, made by defendant, should have been sustained. The first count was good, under the *Jennings* case in 157 Ill. 274, except that it limited the allegation of due care by the driver of the automobile to the time when he was crossing the railroad instead of alleging his due care while he approached as well as when he crossed over the railroad. The second and third counts we consider good, except that they have the same defect. The fourth count properly alleges due care by the driver of the automobile as he was driving it along the highway from the east towards said crossing, but it did not allege that he exercised due care as he drove upon the railroad. Defendant waived his demurrer to the declaration by pleading over, and these defects were cured by verdict and could not be reached thereafter by the motion in arrest of judgment, which also is not before us because not embodied in the bill of exceptions. The effect of this defect in each count because of the form of instructions will be considered later.

Plaintiff drove his automobile to Streator, 25 miles away, and had it repaired by the Barley Manufacturing Company, the manufacturer of the machine. A bill for $301.76 was rendered, $25 was rebated therefrom, and he paid $276.76, for which latter sum he had a verdict and a judgment. The proof did not show how much plaintiff ought to recover for the reasonable cost of the repairs necessary to restore the car to the condition in which it was just before the accident. Plaintiff was asked, "Did you have any repairs made there, while it was in the plant at Streator, except what was necessary to put the car in condition?" to which he answered, "No." He was shown an itemized bill from the Barley Manufacturing Company and was asked if that was a correct list and the actual cost of the repairs put upon his car at that time, and he re-

plied that it was. There was no testimony that these repairs were all made necessary by the injuries to the car, received in this collision. Plaintiff was able to describe very little of the damage done to the car and did not testify what repairs were needed. No one testified to the details as to the parts broken or injured. The car was heavy and had been owned and used by plaintiff three years without repairs. So far as appears, the Barley Manufacturing Company made such repairs as they thought proper. A single illustration from the evidence will show the insufficiency of the proof. Frank testified that the collision loosened a door of the automobile, so that the screws would not stay in. There was no proof of any other injury to any door, yet the proof is that the repairer took off the old doors and the inference is that new ones were put on, and there was a charge of $50 for doors and cowl, and in the reduction of $25 from the bill was included $15 on these doors. If plaintiff had testified that all these repairs for which this bill was rendered were made necessary by this collision, his subsequent examination showed that he could not possibly have known that, for he only knew a few of the more obvious items of the injury. Plaintiff relies upon the bill rendered as proving the reasonable cost of the repairs made necessary by the collision, under *Travis v. Pierson*, 43 Ill. App. 579. Before that case could apply, plaintiff should have proved that the repairs charged in this bill were all made necessary by the collision. That proof was wholly lacking. Evidence introduced by defendant tended strongly to show that these repairs were not all made necessary by this collision, though some of this evidence was hearsay and incompetent. For lack of sufficient proof of the amount of the damages the cause must be submitted to another jury.

There is no statutory duty binding defendant to give the statutory signals when this autospeeder ap-

proached this crossing. It had the common-law duty to exercise due care. The instructions required them to give reasonable warning. In *Chicago & A. R. Co. v. Dillon,* 123 Ill. 570, on p. 579, it is said: "Without regard to the statute, it is the duty of those having charge of trains to give notice of their approach at all points of known or reasonably apprehended danger." We followed and applied this to a case where a machine similar to this autospeeder was being propelled upon a railroad in *Illinois Cent. R. Co. v. Scheffner,* 106 Ill. App. 344, and that was affirmed in 209 Ill. 9, although that point was not specially discussed by the Supreme Court. This was also applied in *Schneider v. Chicago Terminal Transfer R. Co.,* 151 Ill. App. 202. Bennett's Crossing was a dangerous place, and we think the court below properly held that defendant was required to give reasonable warning of the approach of this autospeeder, hidden as it was by the mound of earth and shrubs and weeds.

It is argued that the court, by its instructions, should have defined what would be reasonable warning. This contention is denied in *Devine v. Northwestern El. R. Co.,* 265 Ill. 641. Plaintiff's instruction No. 7 is criticised, but it is supported by what we say in *McDonell v. Lake Erie & W. Ry. Co.,* Gen. No. 6,451, *post,* p. 442, in which we file an opinion this day.

While the declaration is good after verdict, the instructions given for plaintiff were before verdict and they referred to plaintiff's case and to the declaration in a manner that was very questionable where, as here, the declaration was incomplete in its allegations of due care by the plaintiff. *Krieger v. Aurora, E. & C. R. Co.,* 242 Ill. 544; *Bale v. Chicago Junction Ry. Co.,* 259 Ill. 476. In view of the language of these instructions and of other language in defendants given instructions, we might not reverse on this ground, but we call attention to it because, on another trial, the dec-

laration should be amended or the instructions should be so guarded as in each to require the exercise of due care by the driver of the automobile, both as he approached the railway and as he drove upon the crossing. This is important here, because it is a very close question of fact whether the driver of the automobile did exercise the due care required of him under the circumstances.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*