SELIGER, Appellant, vs. BASTIAN, Respondent.

*September 4 — September 21, 1886.*

*Expert testimony.*

The issue being as to the negligence of the defendant in performing a certain service for the plaintiff, an expert was permitted to answer the following question, after a hypothetical statement of the facts claimed by the defendant to have been proved: " Is that the ordinary, *careful, prudent,* safe manner [of performing the service] ?" *Held,* error.

APPEAL from the Circuit Court for *Washington* County. The facts, so far as they are essential to an understanding of the point decided, are stated in the opinion. There was

a verdict for the defendant, and from the judgment thereon the plaintiff appealed.

For the appellant there were briefs by *Paul A. Weil*, attorney, and *C. T. Hickox*, of counsel, and oral argument by *Mr. Hickox* and *Mr. D. S. Rose*. They argued that the hypothetical question was improper because it did not include all the facts shown. *State v. Hanley*, 26 N. W. Rep. 397; *O'Hara v. Wells*, 14 Neb. 403; *Quinn v. Higgins*, 63 Wis. 664.

For the respondent there was a brief by *Barney & Kuechenmeister*, and oral argument by *Mr. Barney*.

ORTON, J. This cause involved the question of care, or the want of it, by the defendant in the performance of the service he had engaged to perform for the plaintiff, and that was the real issue in the case. An hypothetical question containing the facts that the defendant claimed had been proved on the trial was put to the witness Rohn, an expert witness for the defendant, as follows: " Is that the ordinary, *careful, prudent*, and safe manner [of performing the service] ?" The plaintiff objected to the question, and his objection was overruled, and the witness answered, "Yes." The plaintiff appealed.

This question was clearly improper. This question and the answer substituted the opinion of the witness for the opinion or judgment of the jury. It was so held by this court in *Oleson v. Tolford*, 37 Wis. 327. The question disapproved in that case was, "What would be the chances for a stage-coach to tip over, being driven by an *ordinarily careful, prudent* driver?" This was to be answered from the witness' knowledge of the condition of the road. The question called upon the witness to state his conclusion from the facts stated, which it was the province of the jury only to draw. An expert must give an opinion upon facts. He may be asked whether certain things were properly or

skilfully done, but not whether the defendant was guilty of want of ordinary care or of negligence in the doing of such things. "When scientific men are called as witnesses, they cannot give their opinions as to the general merits of the cause, but only their opinions upon the facts proved." 1 Greenl. Ev. sec. 440. It would be improper to ask an expert witness whether a certain act was an act of insanity. *Rex v. Wright*, Russ. & R. 456. " The question of due care or negligence is for the jury. The witness cannot be asked whether a party to a suit exercised due care " (*Hopkins v. Ind. & St. L. R. Co.* 78 Ill. 32), "or whether a person is a careful driver" (*Morris v. East Haven*, 41 Conn. 252; 1 Greenl. Ev. sec. 441, note *b*).

This ruling must have been an inadvertence on the part of the circuit court, for a similar question, when asked by the plaintiff, was ruled out, on objection, as improper. This error is material, for the jury might have considered themselves bound by the opinion of the witness that the defendant was not guilty of any want of due care in the performance of his duties.

The two contradictory rulings on the same question, one for the defendant and the other against him, and the same as to the plaintiff, involve an error in itself; for both rulings could not have been correct. If the last was proper, the first was improper, and so *vice versa*.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.