Brunker v. Cummins.

No. 15,921.

## BRUNKER v. CUMMINS.

133 443
143 494
133 443
151 659
133 443
164 354
133 443
167 134

LANDLORD AND TENANT. — *Right of Ingress and Egress to Leased Premises.*—*Extent of Such Right.*—*Obstruction of Way by Lessor.*—*Injury From.*—*Liability in Damages.*—Where one leases property, and licenses the tenant, or those having rights under the tenant, to use a way of ingress and egress to said demised premises, the lessor has no right, by obstructing the way, to make its use dangerous to the tenant or those having rights under him; and the lessor so far invites the use of said premises, and the right of way to and from them, by all persons whose known relations to the tenant are such as entitle them to enter and depart from such premises, as to impose upon him the duty of refraining from any negligent act that would make the use of the premises unsafe.

SAME. — *Leased Premises.* — *Obstruction of Way to Premises.* — *Negligence.* — *Question of Fact for Jury.*—*Opinion of Witness as to Negligence Incompetent.*—Where the way of ingress and egress to leased premises consists partly of an elevated sidewalk, and the lessor obstructs such part of the way in such a manner as to make its use by the lessee, and those having rights under him, dangerous, and injury results therefrom, he is guilty of actionable negligence; and such negligence is a question of fact for the jury, and the opinion of a witness as to such fact is not competent evidence, being an encroachment upon the function of the jury.

EVIDENCE.—*Opinion Evidence.*—*When Admissible and When Not.*—Opinion evidence is not admissible when the facts upon which the opinion is based can be given to the jury, and the jury is as capable of drawing correct inferences from them as the witness.

SAME.—*Admission of Incompetent Evidence Over Objection.*—*Not Harmless Error.*—Where the court admits evidence over objection, it impliedly declares to the jury that it is to be considered by them, and when the evidence is incompetent, such a declaration does wrong, inasmuch as it lays before the jury evidence which they have no right to hear.

JUDGE.—*Improper Remarks by in Presence of Jury.*—*Prejudicial Error.*—Remarks made by a judge, in the presence of the jury, during the progress of a trial, if material and improper, constitute prejudicial error.

From the Sullivan Circuit Court.

*J. T. Hays* and *H. J. Hays*, for appellant.

*J. E. Lamb, J. T. Beasley* and *A. B. Williams*, for appellee.

ELLIOTT, J.—The undisputed facts are that the appellee was the owner of a building in the town of Farmersburg, the lower part of which was occupied by him as a store-room and warehouse, and the upper part was leased by him to a lodge of Odd Fellows. A walk ran along the side of the building, and this was usually traversed by the members of the lodge in going to, and departing from, lodge meetings. The stairway leading up to the lodge-room was reached by ascending a platform raised several inches above the walk. A barrel was rolled upon the walk, near the platform, and in coming out of the lodge-room the appellant struck his foot against the barrel and was thrown down. The evidence tends to prove that the barrel was placed on the walk by an agent of the appellee, in the discharge of the general duties of his employment, on the afternoon of April 20, 1889, and was left there during the night. There is evidence tending to prove that the barrel projected a considerable distance over the walk, although, as to the distance of the barrel from the wall, there is some conflict in the testimony of the witnesses. There is, also, evidence tending to prove that the night was dark.

Where an owner leases property to a tenant, and licenses the tenant, or those having rights under the tenant, to use a way of ingress and egress to the demised premises, he has no right, by obstructing the way, to make its use dangerous to the tenant or those having rights under him. A landlord who leases premises so far invites its use by all persons whose known relations to the tenant are such as entitle them to enter and depart from the demised premises as to impose upon him the duty of refraining from any negligent act that makes the use of the premises unsafe. The members of the lodge were, therefore, not intruders, but were upon the premises, while going to and from the lodge meeting, by the implied invitation of the appellee; and, if he made the way of entering and leaving the lodge-room unsafe by a negligent or wrongful act, he

must answer in damages to a person injured while acting upon this implied invitation. The appellee knew that the incorporeal being called the lodge represented the members, and that it required the leased premises as a place where those members might assemble, so that it was his duty to each member to refrain from making the approach to the lodge-room unsafe. There is conflict in the authorities as to whether a landlord is responsible to the guests of his tenant, but we need not enter the field of conflict, since the injured person, in this instance, was upon the demised premises by the owner's invitation. It may, indeed, be correctly held that he was there by right of contract, so that there can be no doubt that the lessor owed him a specific duty, and, if the lessor negligently violated that duty, the person injured has a cause of action. It is evident, from what we have said, that a vital question in this case is whether the appellee was guilty of negligence in placing the barrel upon the usually traveled path.

Whether a party is guilty of negligence is, ordinarily, a question in which the elements of law and fact are blended. *Rogers* v. *Leyden*, 127 Ind. 50, and cases cited.

The law comes from the court in the form of instructions, in most cases, and the questions of fact are determined by the jury from the evidence. In this instance a material and controlling question of fact, which it was the duty of the jury to decide, was whether the distance between the barrel and the wall of the appellee's building was such as to permit the safe use of the walk by one exercising ordinary care. This is as favorable a view of the question for the appellant as can be taken, for, if we should apply the rule which controls in cases where public sidewalks are obstructed by a wrong-doer, we should be compelled to hold that the appellee was guilty of negligence in placing the barrel upon any part of the walk, for the authorities lay down the rule that one who obstructs any part of a public sidewalk is guilty of an actionable wrong. *City of*

*Indianapolis* v. *Gaston*, 58 Ind. 224. See authorities cited Elliott on Roads and Streets, 455.

But it is unnecessary to decide whether the rule with reference to public sidewalks applies to this case or not, inasmuch as it is entirely safe to affirm that, if the appellee did, by his negligent act, make a part of the walk unsafe, he is guilty of culpable negligence, unless there was an unobstructed part safe for passage. In other words, if the obstruction placed upon the walk so far encroached upon it as to make its use by the members of the lodge dangerous, he was guilty of such negligence as entitles a member who was himself without fault to a recovery. Adopting the theory most favorable to the appellee, it must be held that whether there was such an encroachment was a question of fact upon which the judgment of the jury must be invoked, and not a question to be determined by the opinions of witnesses. The distance of the barrel from the wall, the width of the walk, the character of the place, and the like, were all proper matters of evidence, and, upon such evidence, it was the duty of the jury to express a judgment, and it was not competent for a witness to assume the functions of the jury, and declare a judgment under the guise of expressing an opinion. Every one knows that opinions are, as a general rule, incompetent. This rule is one of wide sweep, and, although broken by important exceptions, it always prevails where there are no peculiar features of the particular case carrying it from under the general rule and placing it among the exceptions.

The question we have thus generally discussed arises upon the ruling of the trial court, in permitting the appellee's counsel to propound to him, while on the witness stand, the interrogatory which follows, and in allowing the answer it elicited to go to the jury. The interrogatory reads thus:

" You may state, Mr. Cummins, whether there was sufficient room, between where that barrel was and the wall, for a man to walk with safety ? "

It elicited this answer: " Yes: I think so; as much room as we commonly have; as much room as between the well-house and the brick wall."

The court violated the rule forbidding the expression of opinions by witnesses, in allowing this testimony to go to the jury. The question called for an opinion upon two points, one, the negligence of the appellee, the other, the freedom from fault of the appellant. The question could not possibly be answered without embracing in the answer the appellee's opinion of what one using the walk could safely do, and upon this point there could be no opinion without mentally deciding the extent to which the walk was obstructed, and the degree of care exercised by the person passing along it, so that in answering the question the appellee, of necessity, gave an opinion on two important points upon which it was the exclusive province of the jury to formulate a judgment and give it expression in their verdict. It is unnecessary to refer to authorities in support of the general proposition that the testimony of witnesses must, as a general rule, be confined to the statement of facts, since there is no diversity of opinion upon the general question. It may be necessary—at all events it is proper—to refer to the exceptions to the general rule. It is safe to assume at the outset, that where the facts can be fully placed before the jury, opinion evidence, even from experts, is incompetent if the facts are of such a nature that jurors are as well qualified to form an opinion upon them as the witnesses. *Ferguson* v. *Hubbell*, 97 N. Y. 507; *Milwaukee, etc., R. W. Co.* v. *Kellogg*, 94 U. S. 472; *Connecticut Mutual Life Ins. Co.* v. *Lathrop, Admr.*, 111 U. S. 612 (618).

So, too, it is safe to assume that resort to opinion evidence from non-expert witnesses is only proper upon the ground that necessity requires the introduction of that class of evidence. Here there was no necessity for such evidence, inasmuch as the facts as to the unobstructed space, and the like, could have been easily stated to the jury,

and an opinion could have been readily formed by the jury upon the facts laid before them. We fully sanction the doctrine that where facts can not be presented to a jury, a non-expert witness may express an opinion. *Bennett* v. *Meehan*, 83 Ind. 566, S. C. 43 Am. Rep. 78; *Loshbaugh* v. *Birdsell*, 90 Ind. 466; *Carthage, etc., Co.* v. *Andrews*, 102 Ind. 138–143; *Clark Civil Township* v. *Brookshire*, 114 Ind. 437–445. Necessity creates the exception to the general rule. *Stephenson* v. *State*, 110 Ind. 358–365; *Indiana, etc., Co.* v. *Hale*, 93 Ind. 79–82.

Where, however, the reason for an exception fails, the general rule stands unbroken. That is the case here, as is evident from what has been said, because there is no necessity for resorting to opinion evidence. But even in cases where necessity justifies the expression of an opinion, the opinion can not go to the principal points which the law requires the jury to decide. *Loshbaugh* v. *Birdsell*, supra, *Yost* v. *Conroy*, 92 Ind. 464; *Thompson* v. *Deprez*, 96 Ind. 67; *Hughes* v. *Beggs*, 114 Ind. 427.

In this case, the witness, in answering the question asked, necessarily gave judgment in the form of an opinion, upon a principal point, and thus the rule was violated. It is ingeniously argued by counsel, that if parts of the answer be eliminated, there was no transgression of the rule, but the fallacy of the argument is revealed by the most cursory analysis. There can be no elimination of the parts of the answer, since the answer is responsive to the question, and in the question dwells the infirmity that makes the error. This we say for the reason that the question explicitly required the witness to answer whether there was "room for a man to walk with safety," and whether a man could or could not walk with safety, could only be a matter of opinion. A man might safely walk by feeling his way along the wall, and this the witness may have been of the opinion it was the man's duty to do, but this he could not know as a fact, nor had he a right to directly or in-

directly give an opinion as to the degree of care that a person using the walk must exercise. The question required the witness to express an opinion upon matters respecting which he showed no special knowledge or skill, and this of itself was enough to condemn it. *Wilson* v. *Bennett*, 31 N. E. Rep. 184.

We refer without further discussion to the cases which follow in support of our conclusion that the testimony of the appellee was incompetent, and it would be, we may add, no difficult task to multiply citations. *Dallas* v. *Sellers*, 17 Ind. 479; *Thompson* v. *Deprez, supra; Oleson* v. *Tolford*, 37 Wis. 327; *Crane* v. *Town of Northfield*, 33 Vt. 124; *City of Parsons* v. *Lindsay*, 26 Kan. 426; *Scattergood* v. *Wood*, 79 N. Y. 263; *Hopkins* v. *Indianapolis, etc., R. R. Co.*, 78 Ill. 32; *Seliger* v. *Bastian*, 66 Wis. 521.

It is argued by appellee's counsel, that if there was error in admitting the testimony, it was a harmless one. This contention can not prevail. The testimony was directed to very material points, and was of importance, so that we can not say that it did not influence the jury. Where evidence is material and bears upon important points in favor of the party who introduces it, the presumption is that it was influential, and that, if incompetent, harm was done in submitting it to the jury. See authorities cited Elliott's Appellate Procedure, section 594, note 2; section 632, note 3; section 670. The opinion of a witness whose conduct and demeanor impress the jury favorably, going to them under the sanction of the court, may carry as much weight as the statement of a fact, and for this reason it is seldom that incompetent opinion evidence can be said to be harmless. It is true that the court, in admitting evidence, gives no opinion as to its weight or value. *Pedigo* v. *Grimes*, 113 Ind. 148–158, and cases cited. But, while this is true, it is also true that where the court admits evidence over objection, it impliedly declares to the

jury that it is to be considered by them, and, where the evidence is incompetent, such a declaration does wrong, inasmuch as it lays before the jury evidence they have no right to hear.

The court, in ruling upon a question propounded to a witness, made this remark:

"If this man (meaning the appellant), or anybody who received a rupture of the lung, and then subsequently received one that made it worse, I don't see how the first could make it worse than the second, and the two together more than the one alone."

This singular and confused statement of the court contains an erroneous expression of the law. If a man is suffering from an injury previously received, and that injury is aggravated by an accident caused by the negligence of a wrongdoer, the aggravation of the injury is sufficient to entitle the injured man to a recovery, if other facts constituting a cause of action are established. *Terre Haute, etc., R. R. Co.* v. *Buck, Admx.*, 96 Ind. 346, and authorities cited; *Ohio, etc., R. R. Co.* v. *Hecht*, 115 Ind., 443, and cases cited; *Louisville, etc., R. W. Co.* v. *Snyder*, 117 Ind. 435. The remark of the court was improper for the further reason that it expresses a decision upon a question of fact. In giving an expression upon such a question, the court wrongfully invaded the province of the jury.

Remarks made by a judge in the presence of the jury, during the progress of a trial, may, if material and improper, constitute prejudicial error. See authorities cited Elliott's Appellate Procedure, page 618, note 1.

Other questions are discussed, but, as a new trial must be granted, it is unnecessary to consider them.

Judgment reversed.