Nickey *v.* Steuder.

## NICKEY ET AL. *v.* STEUDER.

[No. 20,551.    Filed February 3, 1905.]

| | |
|---|---|
| 164 | 189 |
| 164 | 492 |
| 164 | 189 |
| 168 | 622 |
| 164 | 189 |
| 170 | 232 |
| 164 | 189 |
| f171 | 77 |

1. MASTER AND SERVANT.—*Factory Act.—Employment of Minor Under Fourteen.—Negligence.*—The employment of a minor under fourteen years old, being in violation of the factory act, constitutes negligence *per se,* and if such minor, without contributory negligence, receives injuries of which such employment is the proximate cause, he can recover.  p. 191.

2. PLEADING. — *Complaint. — Breach of Duty. — Injury. — Proximate Cause.—Intervening Agency.*—A complaint for damages for personal injuries by a minor under fourteen, founded upon the master's violation of the "factory act," must show injury caused by reason of such employment, and where it shows the intervention of a responsible independent agent, such complaint is bad.  p. 191.

3. NEGLIGENCE.—*Intervening Agent.—Exception.*—Where the proximate result of negligence is interrupted by a responsible intervening agency, the original negligence is not the proximate cause of the joint result of such intervening agency and such negligence, unless such intervening act was such as might reasonably be foreseen or anticipated as the probable or natural result of such negligence.  p. 192.

4. PLEADING. — *Complaint. — Master and Servant. — Factory Act. — Intervening Agent.*—Where, in an action by a servant against his master for damages for personal injuries caused by such master's violation of the factory act in employing such servant, who was under fourteen years old, the complaint alleged that "Wessel [a third party] negligently and carelessly threw a stick of wood or timber weighing about eight pounds against plaintiff, thereby injuring him," such complaint shows that such damage was caused by the intervening act of a third party, and not by defendant.  p. 194.

5. SAME.—*Negligence.—General Allegation.—Motion to Make More Specific.*—A general allegation of negligence is sufficient as against a demurrer for want of facts, the defendant's remedy being a motion to make more specific.  p. 194.

6. TRIAL.—*Instructions.—Burden of Proof.*—An instruction substantially defining a preponderance of the evidence as that which is more satisfactory to the minds and consciences of the jury on a given proposition, is erroneous.  p. 195.

7. TRIAL.—*Instructions.*—*Conflict.*—Where the court gave an instruction that if the jury found certain facts (omitting the effect of contributory negligence) their verdict should be for the plaintiff, and afterwards gave an instruction that if plaintiff was guilty of contributory negligence he could not recover, such former instruction was erroneous and in conflict with the latter, and was calculated to mislead the jury. p. 195.

From Pike Circuit Court; *E. A. Ely,* Judge.

Action by Edward Steuder against Addison B. Nickey an others. From a judgment for plaintiff, rendered on a verdict of $1,600, defendants appeal. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*J. H. Miller* and *J. E. McCullough,* for appellants.
*W. E. Cox, W. S. Hunter* and *J. W. Wilson,* for appellee.

MONKS, J.—This action was brought by appellee to recover damages for injuries sustained by him while in the employ of appellants Nickey, Nickey & Nickey, who owned and operated a sawmill in which "sawlogs, trees and timber were manufactured into dimension stuff." The slabs were sawed into stove wood in the mill, and carried by a "carrier" a distance of fifty feet or more from said mill, and thrown upon the ground. Appellee at the time of his injury was engaged in throwing said stove wood back from where it was deposited by the carrier. Appellant Wessel, who had purchased some of said stove wood, entered upon the mill premises with a wagon for the purpose of hauling the same away, and while engaged in loading said stove wood threw a stick thereof against appellee and injured him. At the time appellee was injured he was under the age of fourteen years. A trial of said cause resulted in a verdict, and, over a separate motion for a new trial by each appellant, a judgment in favor of appellee.

The errors assigned call in question the sufficiency of each paragraph of the complaint and the action of the court in overruling each motion for a new trial.

The complaint was in two paragraphs, and said Nickeys and Wessel were made defendants. The right to recover against the Nickeys is based on §§7087b, 7087y Burns 1901, Acts 1899, p. 231, §§2, 25; the first of which provides: "No child under fourteen years of age shall be employed in any manufacturing or mercantile establishment, mine, quarry, laundry, renovating works, bakery or printing office within this State." Under §7087y, *supra,* anyone violating said §7087b is guilty of a misdemeanor, on conviction of which he shall be fined and may be imprisoned. The right to recover against appellant Wessel is predicated upon the common law.

1. The employment by Nickey, Nickey & Nickey of a person under the age of fourteen years in their sawmill, was a violation of §§7087b, 7087y, *supra,* and was negligence *per se,* and they were liable to such person for any injury of which that was the proximate cause, provided the injured party was not guilty of contributory negligence. 3 Elliott, Railroads, §§1155, 1156; 21 Am. and Eng. Ency. Law (2d ed.), 478, 480-482; 4 Thompson, Negligence (2d ed.), §3827; *Baltimore, etc., R. Co.* v. *Young* (1896), 146 Ind. 374, 376, and cases cited; *Baltimore, etc., R. Co.* v. *Peterson* (1901), 156 Ind. 364, 372, and cases cited; *Pennsylvania Co.* v. *Hensil* (1880), 70 Ind. 569, 574, 36 Am. Rep. 188; *City of Logansport* v. *Kihm* (1902), 159 Ind. 68, 71, and authorities cited.

2. In such a case the employer will not be liable merely because his act constituted a violation of law, but only if it proximately caused the injury complained of. Although the violation of such a statute is negligence *per se,* there must be a causal connection between the unlawful act and the injury, which must be shown in the pleading and by the proof, or the action fails. Such causal connection is interrupted by the interposition between the negligence and the injury of an independent, responsible human agency. Wharton, Negligence (2d ed.), §§134, 438; Cooley, Torts

(2d ed.), 73-79, and notes; Bishop, Non-Contract Law, §42; *McGahan* v. *Indianapolis Nat. Gas Co.* (1895), 140 Ind. 335, 29 L. R. A. 355, 49 Am. St. 199, and cases cited; *New York, etc., R. Co.* v. *Perriguey* (1894), 138 Ind. 414, and cases cited; *Enochs* v. *Pittsburgh, etc., R. Co.* (1896), 145 Ind. 635, and cases cited; *Reid* v. *Evansville, etc., R. Co.* (1894), 10 Ind. App. 385, 53 Am. St. 391; *Davis* v. *Williams* (1892), 4 Ind. App. 487; *Mahogam* v. *Ward,* 16 R. I. 479, 17 Atl. 860, 27 Am. St. 753, and cases cited; *Cole* v. *German, etc., Loan Soc.* (1903), 59 C. C. A. 593, 124 Fed. 113, 63 L. R. A. 416, and cases cited; *Fowles* v. *Briggs* (1898), 116 Mich. 425, 74 N. W. 1046, 40 L. R. A. 528, 72 Am. St. 537-539, and cases cited; *Cuff* v. *Newark, etc., R. Co.* (1870), 35 N. J. L. 17, 10 Am. Rep. 205; *Mayor* v. *Thompson-Hutchison Bldg. Co.* (1897), 116 Ala. 634, 22 South. 859; *Proctor* v. *Jennings* (1870), 6 Nev. 83, 3 Am. Rep. 240; *Jenks* v. *Inhabitants, etc.* (1858), 11 Gray (Mass.) 142; *Tutein* v. *Hurley* (1867), 98 Mass. 211, 93 Am. Dec. 154; *Carter* v. *Towne* (1870), 103 Mass. 507; *Railway Co.* v. *Staley* (1884), 41 Ohio St. 118, 52 Am. Rep. 74.

It was said in *McGahan* v. *Indianapolis Nat. Gas Co., supra,* at page 339: "The rule that an intervening responsible agent cuts off the line of causation from the original negligence has been many times recognized by this court. *New York, etc., R. Co.* v. *Perriguey* [1894], 138 Ind. 414, and cases cited."

3.  The rule above stated is subject to the qualification, that if the intervening act is such as might reasonably have been foreseen or anticipated as the natural or probable result of the original negligence, the original negligence will, notwithstanding such intervening act, be regarded as the proximate cause of the injury. Wharton, Negligence (2d ed.), §145; *Enochs* v. *Pittsburgh, etc., R. Co., supra; New York, etc., R. Co.* v. *Perriguey, supra.*

Wharton says: "Supposing that if it had not been for the

intervention of a responsible third party the defendant's negligence would have produced no damage to the plaintiff, is the defendant liable to the plaintiff? This question must be answered in the negative, for the general reason that causal connection between negligence and damage is broken by the interposition of independent responsible human action. I am negligent on a particular subject-matter as to which I am not contractually bound. Another person, moving independently, comes in, and either negligently or maliciously so acts as to make my negligence injurious to a third person. If so, the person so intervening acts as a nonconductor, and insulates my negligence, so that I can not be sued for the mischief which the person so intervening directly produces. He is the one who is liable to the person injured." Wharton, Negligence (2d ed.), §134.

Bishop, Non-Contract Law, §42, says: "If, after the cause in question has been in operation, some independent force comes in and produces an injury not its natural or probable effect, the author of the cause is not responsible."

Judge Cooley says: "If an injury has resulted in consequence of a certain wrongful act or omission, but only through or by means of some intervening cause, from which last cause the injury followed as a direct and immediate consequence, the law will refer the damage to the last or proximate cause, and refuse to trace it to that which was more remote. * * * A writer on the subject has stated the rule in the following language: 'If the wrong and the resulting damage are not known by common experience to be naturally and usually in sequence, and the damage does not, according to the ordinary course of events, follow from the wrong, then the wrong and the damage are not sufficiently conjoined or concatenated as cause and effect to support an action. Addison, Torts, p. 6.' * * * If the original wrong only becomes injurious in consequence of the intervention of some distinct wrongful act or omission

by another, the injury shall be imputed to the last wrong as the proximate cause, and not to that which was more remote." Cooley, Torts (2d ed.), 73, 74, 76, 77. See, also, *Elliotl* v. *Allegheny County Light Co.* (1903), 204 Pa. St. 568, 54 Atl. 278; *Borck* v. *Michigan Bolt, etc., Works* (1896), 111 Mich. 129, 69 N. W. 254.

4.   Tested by this rule, the negligence of appellants Nickey, Nickey & Nickey in employing appellee in the saw-mill was not the proximate cause of his injury, for, under the authorities cited, it can not be said that appellants, in the exercise of ordinary care, ought to have anticipated or foreseen as the natural or probable result of such employment that appellee would be injured by an independent, responsible human agency. It is alleged that "Wessel negligently and carelessly threw a stick of wood or timber weighing about eight pounds against plaintiff, thereby injuring him." The intervening agency was an independent human agency, direct and positive in its nature and effect, and certainly, under the rule stated, the injury to appellee can not be attributed to the negligence of the Nickeys in employing him in their mill. The court erred, therefore, in overruling the demurrer of Nickey, Nickey & Nickey to each paragraph of the complaint.

5.   It is insisted that the complaint is not sufficient against said Wessel, because it contains no averment that Wessel knew that appellee was at the place where the stick of wood was thrown, or that Wessel had any reason to believe that appellee or any other person was where he was likely to be hit by said stick of wood. It has been uniformly held by this court that a failure to state in detail the facts constituting negligence, does not render the pleading insufficient, and that a general allegation of negligence is sufficient to withstand a demurrer for want of facts. *Pittsburgh, etc., R. Co.* v. *Wilson* (1904), 161 Ind. 701, and cases cited. If more specific statement of the acts of negligence is desired, the remedy, if any, is a motion to make

more specific, and not a demurrer for want of facts. *Peerless Stone Co.* v. *Wray* (1896), 143 Ind. 574, 577, 578; *City of Indianapolis* v. *Tansel* (1901), 157 Ind. 463, 465. The court did not err in overruling appellant Wessel's separate demurrer for want of facts to each paragraph of the complaint.

6. In instruction eleven the court said to the jury: "By a preponderance of the evidence is meant that which is more satisfactory to your minds and consciences of a given proposition. If, after duly considering all the evidence, a verdict for plaintiff would be more satisfactory to your minds than would a verdict for the defendants, then plaintiff would have a preponderance, and it would be your duty to find for the plaintiff. On the other hand, if a verdict for the defendants would be equally or more satisfactory, then plaintiff would not have the preponderance, and in that event it would be your duty to find for the defendants." By preponderance of evidence is meant the greater weight of the evidence; that it outweighs the evidence of the adverse party. Said instruction did not clearly hold the jury to this definition, but gave one which was indefinite and uncertain, and which was calculated to mislead them as to their duty. In an action to recover damages for personal injury caused by the negligence of the defendant it is the duty of the jury to find for the plaintiff if he has established his cause of action by a preponderance of the evidence, unless it is shown by a preponderance of the evidence that the plaintiff was guilty of negligence which proximately contributed to his injury, in which case it is the duty of the jury to find for the defendant. If such cause of action is not established by a preponderance of the evidence, the jury should find for the defendant. This is the duty of the jury whether such a verdict would be satisfactory to their minds or not.

7. By instruction six the court informed the jury that if they found certain facts the same would be sufficient to entitle appellee to a verdict. The effect of the contributory

negligence, if, any, on the part of appellee was not mentioned in said instruction. In instruction eight the court said to the jury that appellee could not recover if he was "guilty of negligence which proximately contributed to his injury." Said instruction six should have contained words to the effect that such facts, if so found, would entitle plaintiff to a verdict if it had not been proved by a preponderance of the evidence that he was guilty of negligence which proximately contributed to his injury. Without this qualification said instruction was in conflict with instruction eight, and said instructions were at least calculated to mislead the jury and leave them in doubt as to the law on this question. Wenning v. Teeple (1896), 144 Ind. 189, 194, 195, and cases cited; Chicago, etc., R. Co. v. Glover (1900), 154 Ind. 584, 587, and cases cited; Hauger v. Benua (1899), 153 Ind. 642, 647.

Judgment reversed, with instructions to sustain each of the motions for a new trial, and to sustain the demurrer of Nickey, Nickey & Nickey to each paragraph of the complaint, and for further proceedings not inconsistent with this opinion.