INDIANAPOLIS RAILWAYS, INC. v. WATERS.

[No. 26,982. Filed January 11, 1938. Rehearing denied March 22, 1938.]

*Harry L. Gause,* for appellant.

*Lester Norris,* for appellee.

TREMAIN, J.—This is an action by appellee against appellant to recover for personal injuries alleged to have been sustained on account of appellant's alleged negligence in operating its street car, within the limits of the city of Indianapolis, at an excessive speed of forty or fifty miles per hour. In a trial before a jury, the appellant introduced witnesses who testified that the street car was traveling at a rate of speed not exceeding ten to fifteen miles per hour. The appellee introduced witnesses who testified that the car was traveling at a speed of forty to fifty miles per hour. The record discloses that the speed at which the car was traveling was a material controverted question in the case. The trial court permitted a witness for appellee to testify, over the objection of appellant, that after the accident, a motorman on another car, not involved in the accident, came upon the scene and said: "No wonder that guy had a wreck, he was late." Appellant moved to strike the answer from the record. This motion was overruled. Appellant duly excepted to both rulings.

This court has long adhered to the rule that where evidence of an influential character is erroneously permitted to go to the jury, it will be presumed to have prejudiced the objecting party, unless the facts, which the declaration tended to prove, were established by uncontradicted evidence. This question was directly passed upon in *Ft. Wayne, etc., Traction Co.* v. *Crosbie* (1907), 169 Ind. 281, 81 N. E. 474. After the injury and accident involved in that case, one

of appellee's witnesses was permitted to testify, over appellant's objection, that the superintendent of appellant stated that he "should have known better than to put Stanley (motorman) on the car." It was held that the testimony was no part of the *res gestae,* and was "prejudicial to appellant, as it may have exercised a controlling influence over the jury. That the admission of this evidence against appellant constitutes reversible error is settled by the decision of this court in *Ohio, etc., R. Co.* v. *Stein* (1892), 133 Ind. 243, 31 N. E. 180, 32 N. E. 831, 19 L. R. A. 733, and authorities cited."

In *Ohio, etc., R. Co.* v. *Stein, supra,* the same question was before the court. It was argued there, as in the case at bar, that the fact involved in the objectionable declaration was established by other evidence, and, therefore, even if erroneous was harmless. The court held otherwise and said (p. 246):

"There may be cases where the facts are so fully and conclusively proved by other testimony that the appellate tribunal will not reverse the judgment because incompetent evidence to the same facts is admitted; but this is not such a case, for here the evidence was as to a material point, and it can not be justly said that the facts which the declarations tended to prove were established by *uncontradicted* evidence."

Also see: *Brunker* v. *Cummins* (1892), 133 Ind. 443, 32 N. E. 732; *Johnson et al.* v. *Anderson et al.* (1896), 143 Ind. 493, 42 N. E. 815; *Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369, 91 N. E. 238.

The position of the appellee's counsel is that the statement made by the motorman upon the other car was established by other testimony, and even admitting that the testimony objected to was erroneous, it should be regarded as harmless. This is not a case where the facts were fully and conclusively

established by other testimony. If that were true, this court would not be justified in reversing a judgment because of incompetent evidence going to the same question. With the speed of the car questioned at all times during the trial, it must be held that the statement of a motorman had a direct and influencing bearing upon the jury, and was prejudicial to appellant. This testimony was of an influential character. Under the facts and circumstances involved in this case, it will be presumed to have been prejudicial to the appellant, and for that reason the judgment must be reversed.

Judgment reversed, with instructions to sustain the motion for a new trial.