GLEN PARK DEMOCRATIC CLUB, INC., ET AL. *v.* KYLSA.

[No. 20,139. Filed February 7, 1966. Rehearing denied March 17, 1966. Transfer denied October 10, 1966.]

*Spangler, Jennings, Spangler & Dougherty,* of Gary, *George Sammons,* of Kentland, and *Samuel P. Moise,* of Gary, for appellants.

*George Vann, John W. Barce* and *Barce, Barce & Vann,* of Kentland, and *Mario B. Tomsich,* of Gary, for appellee.

PER CURIAM.—Appellee recovered a verdict against appellants for damages for personal injuries after a trial by jury. Judgment was duly entered on such verdict. From the overruling of appellants' motion for new trial this appeal is prosecuted.

Appellants first set forth in the argument section of their brief the following specifications of their motion for new trial:

I.  That the verdict of the jury is not sustained by sufficient evidence.

II. That the verdict of the jury is contrary to law.

V[G]. The court erred in refusing to give to the jury defendants' (appellants') tendered Instructions 1 and 1A, tendered with the motion for directed verdict at the close of all the evidence respectively.

VI.   The court erred in overruling defendants' (appellants') motion made at the close of all the evidence, to instruct the jury to return a verdict for the defendants.

VII.  The court erred in overruling defendants' (appellants') motion made at the close of the plaintiff's (appellee's) evidence, to instruct the jury to return a verdict for appellants.

These appellants group under one argument as presenting the same question.

Appellee alleged in his complaint, in substance, that he entered the premises of the defendant, Glen Park Democratic Club, Inc., an Indiana corporation (hereinafter referred to as appellant-Glen Park), on which the corporation operated a restaurant and tavern, for the purpose of purchasing a meal and dining therein; that the defendant-Kornafel was in charge and control of said premises for and on behalf of said corporation; that while there the defendants, John Doe and Richard Roe, whose true Christian names and true names are unknown but who were personally known to defendant-Kornafel, were then in said restaurant premises, and that said defendants, Doe and Roe, were each bellicose, belligerent and vicious by nature, all of which defendant-Kornafel then knew; that, without any provocation whatsoever defendants Roe and Doe struck, beat, kicked and pummeled plaintiff-appellee, thereby injuring him; and that defendant-Kornafel was a witness to the assault, knew the character of the defendants, Roe and Doe, and failed to eject them from said premises and failed to protect plaintiff-appellee from their unprovoked assault.

"The proprietor of any house of public accommodation may be answerable for injury to a patron caused by the act of one of his other patrons as well as of his servant. He owes a duty to those who come to his place to protect

them from insult and other annoyances by or dangers from other guests. By the great preponderance of authority, this duty is not absolute, but is limited to the exercise of reasonable care, and the proprietor is liable only when he is negligent." 29 Am. Jur., Innkeepers, § 62, p. 50.

"Since the defendants are not only hotel operators but are engaged as well in the sale of intoxicating liquor, it is material to point out that they are under the duty to use reasonable care to protect guests and patrons from injury at the hands of irresponsible persons whom they knowingly permit to be in and about the premises on which their business is conducted." *Connolly* v. *Nicollet Hotel* (1959), 254 Minn. 373, 95 N. W. 2d 657, 664, 74 A. L. R. 2d 1227.

Although we have no knowledge of a decision in Indiana involving these facts, the law set forth in those jurisdictions having passed upon similar facts appears to be the same as our general law on negligence as it applies to licensees by invitation or, as sometimes called, business invitees.

The record is replete with sufficient evidence showing, or from which the jury could reasonably infer, that appellee was on the premises of appellant-Glen Park as a business invitee; that appellant-Kornafel was in charge of said premises on behalf of said corporation; that appellee was assaulted by other patrons on the premises, and thereby was injured; that appellant-Kornafel knew of prior threats by such patrons to injure appellee, either by directly being told by appellee or witnessing the same; and that appellant-Kornafel knew, by witnessing the assault upon appellee, that it was taking place. We are not here concerned, on appeal, with the fact that appellants' theory and evidence as to how appellee received his injuries are in direct conflict with appellee's theory and evidence.

A review of the evidence most favorable to appellee readily shows, in our opinion, that there is evidence to support the verdict of the jury, the action of the trial court in overruling appellants' motions for directed verdicts and refus-

ing the instructions tendered therewith, and that the verdict was not contrary to law.

In our opinion there was ample evidence of probative value as to each material element to support the verdict and we cannot say, as a matter of law, that reasonable men could not have arrived at the conclusion reached by the jury.

Appellants next assign as error the refusal of the trial court to give their tendered Instructions Nos. 4 and 30.

Appellants, in the argument portion of their brief, state that tendered Instruction No. 4 would have instructed the jury that if appellants "did not have notice of the assault, if any, on the Appellee in sufficient time to avoid said assault, if any, in the exercise of reasonable and ordinary care, then your verdict must be for the appellants." They further state that tendered Instruction No. 30, in essence, would have instructed the jury that appellants could not be liable to appellee unless the alleged assault took place "under such circumstances that the defendant [defendants], Glen Park Democratic Club and Harry Kornafel, in the exercise of ordinary care, could have averted or avoided said beating, striking, kicking or pummeling plaintiff."

Although we have misgivings as to the sufficient compliance by appellants with Rule 2-17, Rules of the Supreme Court, we are of the opinion that Instructions Nos. 4 and 30 tendered by appellants were adequately covered by other instructions tendered by appellants and given by the court. The jury, in our opinion, was correctly and thoroughly instructed concerning the necessity of knowledge on the part of appellants and the duty of care to which they were subject.

Appellants next argue the refusal of the trial court to give their tendered Instruction No. 7. In light of the recent decision of our Supreme Court in *Miller* v. *Alvey* (1965), 246 Ind. 560, 207 N. E. 2d 633, that it is error to give an instruction on pure accident, no error was committed in refusing this instruction.

See also: *White* v. *Evansville American Legion Home Ass'n.* (1965), 247 Ind. 69, 210 N. E. 2d 845, 846.

Appellants next assert error in the giving by the trial court, over objection of appellants, of appellee's tendered Instruction No. 8, which is as follows:

"The law does not require demonstration or [of] that degree of proof which, excluding all possibility of error, produces absolute certainty, for such degree of proof is rarely possible. It is proper to find that a party has succeeded in. carrying his burden of proof on an issue of fact, if the evidence favoring his side of the question is more convincing than that tending to support the contrary side, and if it causes the jurors to believe that on that issue of [the] probability of truth favors that party."

Appellants first argue that said instruction was erroneous in that "it completely ignored the fact that the plaintiff must prove the allegations in his complaint by a fair preponderance of the evidence."

All applicable law in a given case need not be incorporated into one instruction, but instructions should be considered, with reference to each other, and as an entirety and not separately or in dissected parts. *Van Drake* v. *Thomas* (1942), 110 Ind. App. 586, 603, 38 N. E. 2d 878; *Livingston* v. *Rice* (1933), 96 Ind. App. 176, 178, 184 N. E. 583.

This was not the only instruction given by the court on the issues of weighing the evidence, burden of proof and preponderance of evidence, and we are required to consider this instruction in light of all other instructions given in determining if the giving of the instruction objected to was reversible error. The record shows that other instructions given by the court adequately covered the objection by appellants to this instruction.

Appellants next contend that said Instruction No. 8 is not the law and was misleading. They cite only *Nickey* v. *Steuder* (1905), 164 Ind. 189, 73 N. E. 117, in support of

this contention. The instruction condemned in the *Nickey* case can be distinguished from the one presently before us.

Other than appellants' conclusions and a quotation from the *Nickey* case, they fail to point out in what way the instruction is not the law, or in what way it misled the jury. This instruction, not being mandatory, is to be read together with all other instructions given. We are of the opinion that this instruction, when read in relation to all other instructions given, did not mislead the jury and, therefore, was properly given. Also, we are of the opinion that the jury was properly and adequately instructed by the court on this issue. We find no reversible error in the giving of Instruction No. 8.

Appellants next assign as error the refusal of the trial court to give their tendered Instruction No. 21, which is as follows:

"You are instructed that there is no evidence to sustain the following specification contained in plaintiff's complaint, as follows:

" '8. That the defendant Kornafel was a witness to the said assault aforesaid, knew the character of the said defendants Doe and Roe aforesaid, and failed to eject the said defendants from said premises and failed to protect plaintiff from their unprovoked assault.'

and therefore, as to said specification, you must not consider the same in determining your verdict and your verdict must be for the defendants, Glen Park Democratic Club, Inc., an Indiana Corporation, and Harry Kornafel, as to said specification."

Appellants assert that there was absolutely no evidence of probative value in the record to uphold this allegation of plaintiff- appellee's complaint. In this conclusion we must disagree with appellants. Without burdening this opinion by setting forth the evidence pertinent to this issue, it is our considered opinion that the record before us shows ample evidence to justify the refusal to give appellants' tendered Instruction No. 21, and the trial court did not err in so doing.

Appellants next contend that the trial court erred in giving, over their specific objection, appellee's Instruction No. 1. This instruction told the jury, in substance, that if they found that the plaintiff (appellee) was entitled to recover that in estimating the amount of damages they could consider certain elements. Although the specific objection of appellants is quite long and somewhat difficult to understand, we surmise its substance to be that there was no allegation of certain elements (not specifically stated), no proof of certain elements (not specifically stated), and damages were not limited to an act or acts of negligence alleged and proven which were the proximate cause of said injuries.

As to the objection that damages are not limited to acts of negligence alleged and proven from which the injuries proximately resulted, we are not confined to this instruction. In our opinion, from a review of the other instructions given, the jury was properly and amply informed that the injuries must have been shown to be the proximate result of an act or acts of negligence by the appellants which negligence was alleged and proven.

Although we are of the opinion that the elements set out in the instruction were each properly contained therein under the record in this case, the instruction, by virtue of the words "if any" following each element avoids the objection relative to lack of evidence. *McClure* v. *Miller* (1951), 229 Ind. 422, 428, 98 N. E. 2d 498.

We find no reversible error in the giving of this instruction.

Appellants next assert error in the ruling of the trial court denying their motion for new trial on the grounds of newly discovered evidence. In support thereof appellants submitted affidavits, after the trial, containing statements that appellee had stated that his injuries were caused by a fall down a stairway. Appellee filed counter-affidavits.

As stated by the Supreme Court in *Nott* v. *Bender* (1964), 246 Ind. 186, 202 N. E. 2d 745, 746.

"We are unable to agree with appellant's contention that he has made out a case for the reversal of the judgment of the lower court on the basis of the allegedly newly discovered evidence as that would require us to weigh the facts contained in conflicting affidavits."

In our opinion appellants have failed to show that the trial court abused its discretion in denying appellants' motion for a new trial on the ground of newly discovered evidence.

Finally, appellants argue the admitting into evidence by the trial court, over objection of appellants, an answer to a question propounded by plaintiff (appellee) to one of his witnesses.

"Q. Well, tell us, if you can, what the attitude as far as you know of employers is towards a man who suffers from convulsive seisures [seizures].

"MR. SPANGLER: I am going to interrupt and objection [object] what the attitude of employers may be, calls for an opinion and conclusion what somebody else thought about it.

"THE COURT: We are dealing with expert testimony, if you have an opinion you may render it.

"Q. Do you have such an opinion?

"A. Well, it is rather common knowledge that it is very difficult, most people don't hire individuals that have convulsive disorders, it is very difficult for them to get a job."

Appellants, in the argument section of their brief, contend that by allowing this witness to answer this question the court permitted plaintiff's doctor to testify as to the attitude of employers toward men who suffer convulsive seizures, and appellants contend further that the admission of such answer was not only erroneous, but inflammatory. Appellants further contend that the doctor, even though he might be an expert in the field of medicine, had no foundation laid and was not an expert in the employment field, and that "[t]his was not a field for medical expert testimony. . . ."

The law in Indiana is quite clear that the party, whose objection to a question is overruled, is confined, on appeal, to the objection stated in the trial court.

"Unless a specific objection to a question is made, the admission of the answer is not error, and in the motion for a new trial or on appeal, the party is confined to the specific objection so made, and all other possible objections are waived." *Allman* v. *Malsbury* (1946), 224 Ind. 177, 186, 65 N. E. 2d 106; *Ellis et al.* v. *Haines* (1963), 134 Ind. App. 528, 536, 188 N. E. 2d 835.

As we read appellants' objection made to the question in the trial court, they claim error on the ground that the answer permits the witness to state the attitude of employers. This is substantiated by appellants' first statement in their argument as set out above. Their further argument made on appeal appears to be that the admission of the answer was error on the grounds that the witness was not an expert in the employment field, and that no foundation was laid.

Under the rule established by the above cited cases, we are of the opinion that the additional grounds argued by appellants in their brief come too late.

Therefore, the question for our determination is whether the admission of the answer, over the specific objection made by appellants, was error, and, if error, was it reversible error?

Appellants cite no authority for their contention that "[t]o permit this evidence to be introduced [as to the attitude of employers toward men who suffer convulsive seizures] was not only erroneous, but inflammatory, . . .", nor do they show in what way and in what manner this evidence was prejudicial. Their argument, not only under this specific objection but also under the additional objections raised here for the first time, consists of their conclusions that it was error to admit said answer, and that it was prejudicial and inflammatory.

"The burden rests upon appellants to demonstrate reversible error by the record, as all presumptions are in favor of the judgment and rulings of the trial court. *City of Fort Wayne* v. *Bishop* (1950), 228 Ind. 304, 315, pt. 11, 92 N. E. 2d 544. And it is incumbent upon appellants to affirmatively show harmful error by cogent argument and citation of authorities." *Terrey* v. *Brinckman* (1963), 135 Ind. App. 479, 194 N. E. 2d 760, 763; *Wright* v. *State* (1958), 237 Ind. 593, 595, 147 N. E. 2d 551. Rule 2-17 (e), *supra*, Rules of the Supreme Court, 1964 Revision.

Appellants contend that there is a presumption in Indiana that an answer admitted over objection is prejudicial and cite as authority *Brunker* v. *Cummins* (1892), 133 Ind. 443, 32 N. E. 732. In that case the Supreme Court held the trial court erred in allowing an expert witness to testify as to whether a person could safely pass between a wall and a barrel. The court, at page 449 of 133 Ind., stated,

"The testimony was directed to very material points, and was of importance, so that we cannot say that it did not influence the jury. *Where evidence is material and bears upon important points in favor of the party who introduces it, the presumption is that it was influential, and that, if incompetent, harm was done in submitting it to the jury.*" (Our italics.)

The Supreme Court also stated at page 447 of 133 Ind.,

"The question called for an opinion upon two points, one, the negligence of the appellee, the other, the freedom from fault of the appellant."

The answer admitted in the case at bar is distinguishable from that in the *Brunker* case and does not come within the rule set forth therein. The answer here could go, at most, only to the question of the amount of damages, whereas the answer in the *Brunker* case went straight to a material point in the case, namely, the elements of negligence and contributory negligence.

Although we are of the opinion that appellants have failed to properly present to this court a question on the ruling of

the trial court on their objection to the question by failing to comply with the Rules of the Supreme Court in the argument section of their brief on this issue, nevertheless, we are of the opinion, after a careful review of all of the evidence in this cause and specifically that regarding damages, that even considering, but not deciding, that the admission of such answer was error, such error was not prejudicial and, therefore, not ground for reversal.

It is readily apparent from the record that this cause was ably and strongly tried in the trial court and well-presented to this court on appeal by counsel for both sides. It is also apparent that the evidence was diametrically opposed on the issue of how appellee received his injuries. Therefore, this was one of the issues for the determination of the jury. It is not the function of this court to substitute our judgment on conflicting evidence for that of the jury, no matter how tempting it may sometimes become. If there is sufficient evidence of probative value to support the general verdict of the jury and no error of law has been committed in the trial court, the rules of appellate procedure leave this court no alternative but to affirm.

Therefore, finding no reversible error, the judgment of the trial court must be affirmed.

Judgment affirmed.

NOTE.—Reported in 213 N. E. 2d 812.