358

SESSLER *v.* MCDOUGALL ET AL.

[No. 20,578. Filed July 19, 1967. Rehearing denied October 9, 1967. Transfer denied May 14, 1968.]

*John G. Reiber* and *Robert J. Parrish,* both of Fort Wayne, and *Winslow VanHorne,* of Auburn, all for appellant.

*Clarence R. McNabb* and *Richard L. Kieser,* both of Fort Wayne, for appellees.

FAULCONER, J.—Appellant brought this action to set aside the purported Last Will and Testament of his sister Vera Elizabeth Sessler, on the grounds that the purported will was unduly executed, and that the decedent was of unsound mind at the time of the execution of said purported will.

Appellees, defendants below, filed answers in general denial. The cause was submitted to a jury which returned a verdict for the defendants-appellees, and judgment was duly rendered thereon.

The overruling of appellant's motion for new trial is the sole error assigned.

Appellant argues only two specifications of his motion for new trial, namely, the introduction into evidence, over his objection, of the appellees'—except Nancy McDougall—Exhibit "L," and the trial court's refusal to permit appellee, Nancy McDougall, to testify.

Appellees' Exhibit "L" was the complaint for divorce of appellant's former wife filed by her in 1937 charging as grounds, among others, that appellant was a habitual drunkard. This exhibit was admitted into evidence during the cross-examination of appellant and over his objection.

Appellant objected at the trial, and urges here, that such exhibit was hearsay and, therefore, inadmissible. We agree with appellant that this exhibit, being a complaint for divorce against the appellant by his former wife who is not a party to this suit, is hearsay and it was error to admit it into evidence.

"It appears to us that this complaint without question is hearsay and the allegations and statements therein are not those of any party to this cause of action. It seems very obvious to us the exhibits were not admissible in evidence." *Hinds, Executor, etc.* v. *McNair, et al.* (1956), 235 Ind. 34, 59, 129 N. E. 2d 553.

Appellant asserts that this evidence was harmful and prejudicial. Although appellant cites authority to the effect that illegal evidence is presumed to have influenced the results, and where evidence is improperly admitted, the presumption is that it misleads the trier of the facts, he fails to point out to this court in which way such evidence was prejudicial in this cause. He makes no application of the law to the facts of this cause. This is a burden he must sustain.

We have carefully reviewed the evidence in the record before us and are of the opinion that the introduction of Exhibit

"L," over appellant's objection, was not such harmful and prejudicial error as to cause a reversal of this case. Appellant was seeking to set aside his sister's will on the grounds of undue influence and her unsoundness of mind. There is a total lack of evidence of probative value to sustain these allegations. The appellant, in our opinion, was not harmed by said exhibit because even if it were excluded he failed to sustain his burden of proof. Indeed, had the appellees requested a directed verdict in their favor at the close of appellant's case the trial court, in our opinion, would have been justified, if not duty bound, to sustain it.

We will not unduly lengthen this opinion by setting forth the evidence relied upon by appellant to sustain his allegations. It will suffice to say that such evidence is wholly insufficient, conflicting and mere conclusions of the appellant. Appellant was the only witness to testify concerning the issues and he admitted that he had not seen or talked to his sister for a period of ten years prior to her death, which occurred 23 days after the execution of the will. Although he contends that she has always been of unsound mind the incidents testified to by appellant in support of this contention are remote in time and, in our opinion, fail entirely to even make a prima facie case of undue influence or unsoundness of mind. This is even more vividly illustrated by the testimony of appellant that he owned three automobiles over the years but placed the title to each of them in the name of this sister; and his testimony concerning the care of their mother by his sister, and that she was administratrix of their father's estate, to which appointment, handling of the estate and final report thereof appellant made no objection.

Appellant also urges that the court erred in not allowing appellee Nancy McDougall to testify. Although we have doubts as to whether such alleged error is properly made a ground in the motion for new trial, we need not decide that issue because under the evidence and circumstances of this case we are of the opinion that if such action was error

it was also harmless to appellant and, therefore, not grounds for reversal. We base this conclusion on the same reasons for which we held the introduction of Exhibit "L" into evidence harmless error. In addition, the testimony of appellee, Nancy McDougall, was offered by herself and objected to by another defendant-appellee. Also, from the answers to questions propounded to Nancy McDougall by her attorney to which the objections were sustained, the only evidence concerning the issue of unsoundness of mind of decedent was Nancy McDougall's conclusion that such decedent was of unsound mind. Even if admitted we are of the opinion appellant could not prevail and appellant again has failed in his burden of demonstrating how such alleged error was harmful and prejudicial to his cause.

"Erroneous rulings on the admission and rejection of evidence do not require a reversal where appellant's substantial rights are not affected, or where the merits were fairly determined, and the correct result was reached or where the objection were technical." 2 I. L. E., *Appeals*, § 633, p. 728.

This cause, which consumed considerable time of the trial court due to the introduction of much superfluous evidence and testimony, was, in our opinion, fairly tried and a just result reached by the jury under the facts and circumstances. Appellant having failed to present reversible error, the judgment of the trial court should be affirmed.

Judgment affirmed.

Carson, P.J. and Prime, J. Concur. Cooper, J. Dissents with Opinion.

## DISSENTING OPINION.

COOPER, J.—I dissent from the majority opinion because I believe we should reverse this cause, remand and instruct the trial court to sustain the Appellant's motion for a new trial.

I agree and believe the majority opinion correctly states the law applicable in this statement of the opinion:

"Appellees' Exhibit 'L' was the complaint for divorce of the appellant's former wife filed by her in 1937, charging as grounds, among others, that appellant was a habitual drunkard. This exhibit was admitted into evidence during the cross-examination of appellant and over his objection.

"Appellant objected at the trial, and urges here, that such exhibit was hearsay, and, therefore, inadmissible. We agree with appellant that this exhibit, being a complaint for divorce against the appellant by his former wife who is not a party to this suit, is hearsay and it was error to admit it into evidence.

'It appears to us that this complaint without question is hearsay and the allegations and statements therein are not those of any party to this cause of action. It seems very obvious to us the exhibits were not admissible in evidence.' *Hinds* v. *McNair* (1955) 235 Ind. 34, 59, 129 N. E. 2d, 553.

"Appellant asserts that this evidence was harmful and prejudicial. Although appellant cites authority to the effect that illegal evidence is presumed to have influenced the results, and that where evidence improperly admitted the presumption is that is misleads the trier of facts, *he fails to point out to this court in which way such evidence was prejudicial in this cause. He makes no application of the law to the facts of this cause. This is a burden he must sustain.*"

I cannot agree with the statements I have underlined. In my opinion, the Appellant's "Argument" section of his brief amply points out the way that the hearsay evidence was prejudicial and when such evidence is erroneously admitted, the error is reversable since the damage is irreparable and the Appellant in my opinion fully complied with Rule 2-17 of the Rules of the Supreme Court.

The Appellant points out in his argument portion of his brief in substance, that it is axiomatic that evidence of habitual drunkenness is prejudicial; and in a jury case when evidence is admitted over objection, the court thereby places a stamp of approval on such evidence, and if, as the Appellant here contends, such evidence is incompetent, then

improper evidence has been put before the jury for its consideration.

In this case, the admission into evidence over the Appellant's objection of the Appellees' Exhibit "L" was error because it presented to the jury improper hearsay evidence of a material fact for its consideration. The fact that the verdict of the jury was against the Appellant indicates how such evidence was prejudicial to him. Nor was the jury in this cause instructed to disregard the said exhibit "L."

The leading case on the foregoing points in Indiana is the case of *The Ohio & Mississippi Railways Company* v. *Stein* (1892) 133 Ind. 243, 19 L.R.A. 733, wherein our Supreme Court said:

> "The rule is well settled that, where evidence of an influential character is erroneously allowed to go to the jury, it will be presumed to have prejudiced the objecting party, and unless this presumption is rebutted, the judgment must be reversed."

See also the cases of *Indianapolis Railways Inc.* v. *Waters* (1937) 213 Ind. 527, 528; *Fort Wayne & Wabash Valley Traction Company* v. *Crosbie* (1907) 169 Ind. 281, 290; *Guenther* v. *Jackson* (1919) 73 Ind. App. 162, 166.

By reason of the foregoing I would reverse.

NOTE.—Reported in 228 N.E. 2d 58.