Patricia J. SIERP and Marion R. Sierp, Appellants–Plaintiffs,

v.

Clarence A. VOGEL, Appellee–Defendant.

No. 40A05–9109–CV–296.

Court of Appeals of Indiana, Fifth District.

June 6, 1992.

George A. Leininger, Cooper, Cox, Barlow & Leininger, Madison, for appellants-plaintiffs.

Thomas C. Bigley, Jr. and Joan T. Crites, Sharpnack, Bigley, David & Rumple, Columbus, for appellee-defendant.

BARTEAU, Judge.

Patricia Sierp appeals the trial court's judgment entered on a jury verdict in her favor and against Clarence Vogel. She raises the issue whether the trial court erred in allowing a medical expert witness to testify that one of his teachers in medical school told him that where litigation is involved with soft-tissue injuries, not one patient had ever come back for treatment after a settlement was made, and that the expert had found in his twenty-one years of practice that not one of his patients involved in litigation over a soft-tissue injury had come back for treatment after a settlement was made.

We reverse.

## FACTS

Sierp injured her back in a car accident for which the jury found Vogel 100% liable. The jury awarded Sierp $7,500.00 in damages. At the time of trial Sierp had incurred medical expenses of $3,698.27. All of the medical experts, including Vogel's expert, agreed that Sierp's condition was permanent, although Vogel's expert also testified that he had found no signs of physical abnormality. Sierp had, at the time of trial, a life expectancy of 40.93 years. Due to her injury, Sierp experienced constant pain in her back and shoulders which was aggravated by activities such as vacuuming and lifting. Her injury also forced Sierp to quit her job as a press operator because of the pain she was experiencing and she was no longer able to act as her husband's pit crew for his stock car racing. Sierp's neurologist testified that there was nothing more he could do for her injury. Sierp was continuing to see a chiropractor on a regular basis because those treatments gave her some relief for short periods of time.

Vogel asked his medical expert if "when you got a patient who has filed a lawsuit . . . claiming there's some injury which is permanent . . . do you find that . . . there is any tendency for the patient not to come back after the lawsuit is over?" Over objection by Sierp, the medical expert was allowed to testify that he had been told by a former medical school teacher, and had discovered in his own practice, that none of the patients who were being treated for soft-tissue injuries and were involved in litigation came back for treatment after a settlement had been made.

## DISCUSSION

Sierp objected to this question and testimony because it was a leading question and irrelevant to Sierp. Vogel argued that it was a hypothetical question assuming certain facts and therefore a proper question.[1]

■■■ A leading question is one which suggests to the witness the answer desired. It is one which embodies a material fact and admits of a conclusive answer in the form of a simple "yes" or "no." *Goodman v. State* (1985), Ind., 479 N.E.2d 513. Clearly, the question asked by Vogel, "when you got a patient who has filed a lawsuit . . . claiming there's some injury which is permanent . . . do you find that . . . there is any tendency for the patient not to come back after the lawsuit is over?" was a leading question. Vogel's argument that the question was not leading because the witness did not give a "yes" or "no" answer, but rather stated an opinion, is not persuasive. First, the answer *could* have been answered by a "yes," giving the jury all of the evidence through the question itself. Instead of answering with a "yes," the expert merely repeated the information given in the question. The fact that the witness did not answer with a "yes" or "no" is not disposi-

---

1. Vogel contends that Sierp has waived any objection to the testimony at issue because she brought up the subject of future treatment by doctors. Sierp did raise the subject of future medical treatment, however, the questions were confined to whether Sierp would need or seek future medical care. This in no way waived her right to object to the irrelevant testimony given by Vogel's expert.

tive. Second, the witness did not give an opinion. He merely stated a fact pertinent to his practice. The question was improperly leading.

■ Sierp also urges this court to reject Vogel's position that the question was a proper hypothetical question on which the expert witness could issue an opinion. The question asked of the medical expert by Vogel was not a hypothetical question. The question did not seek an opinion based upon facts that were in evidence. Nor did the doctor give an expert opinion in his answer to the question. The expert was merely asked if he found that his patients involved in litigation with respect to a soft-tissue injury did not return for treatment after the lawsuit was over. The question asked for affirmation of a fact in a leading manner and the doctor's answer gave that affirmation. The question should not have been allowed as an hypothetical.

■ Sierp argues that the testimony was irrelevant and highly prejudicial because Vogel at no time tied this testimony to her or showed that she was faking or exaggerating her injuries or that she would recover after the litigation was over. Sierp contends that the prejudicial effect of the testimony is shown by the low award of damages, suggesting that the jury did not award damages for future medical expenses. Vogel responds by asserting that the testimony was relevant because it tended to prove a material fact and that in any event the testimony was not prejudicial because the jury's verdict was within a reasonable interpretation of all the evidence presented.

Vogel argues that the testimony was relevant as it tended to prove that Sierp would not incur future medical expenses. However, the testimony given by the medical expert was irrelevant to this case because it was not tied to Sierp in any way to show that *she* would not incur future medical expenses. Clearly, the question was erroneously allowed to be answered as it was leading and irrelevant. The issue remains, however, whether the testimony was prejudicial to Sierp.

■ Where incompetent evidence on a material point in favor of the party who introduces it is admitted, the presumption is that it is influential, and prejudice to the objecting party will be presumed. *Indianapolis Ry. v. Waters* (1938), 213 Ind. 527, 12 N.E.2d 119; *Glen Park Democratic Club, Inc. v. Kylsa* (1966), 139 Ind.App. 393, 213 N.E.2d 812 (citing *Brunker v. Cummings* (1892), 133 Ind. 443, 32 N.E. 732). However, where the erroneously admitted evidence does not bear on a material issue, prejudice must be shown. *Glen Park, supra.* In *Glen Park*, erroneously admitted evidence pertaining to the *amount* of damages, and not liability, was not considered by the court to bear on a material issue.

■ Here, while the testimony was irrelevant to Sierp specifically, the evidence was introduced on the issue of future medical expenses, a component of the damages element of Sierp's case. Clearly, Vogel was attempting to decrease the amount of damages by encouraging the jury to infer that Sierp would not seek medical attention after the lawsuit was completed. We disagree with the conclusion in the *Glen Park* decision that where the incompetent evidence goes only to the amount of damages, and not liability, prejudice is not presumed. The amount of damages recoverable is clearly a material point and of great importance to both parties. Indeed, compensation for damages incurred and to be incurred due to someone else's negligent behavior is the very heart of our negligence law. The erroneously admitted evidence was on a material point in favor of the party who introduced it and we must presume that the evidence influenced the jury and prejudiced Sierp.

Also, contrary to Vogel's argument, it is not enough that the jury award was within the range of the evidence on damages. More to the point, we cannot say that the jury was not improperly influenced by the prejudicial evidence when deciding the amount of Sierp's damages. Accordingly, the trial court's judgment is reversed as to

damages and remanded for a new trial on that issue.

REVERSED.

SHIELDS and CHEZEM, JJ., concur.